The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Scott Allen NOLAND, Defendant-Appellant.

No. 85CA0883.

Colorado Court of Appeals, Div. II.

April 23, 1987.

Rehearing Denied May 14, 1987.

Certiorari Denied (People) July 20, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Douglas D. Barnes, Deputy Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

The defendant, Scott Allen Noland, appeals a judgment of conviction entered on a jury verdict finding him guilty of attempted manufacture and possession of a Schedule II controlled substance in violation of §§ 18–18–105(1)(a) and 18–2–101(1), C.R.S. (1986 Repl. Vol. 8B). He asserts the evidence was insufficient to support the conviction. We agree and reverse.

The defendant operated his own business, The Arvada Chemical Company, for several years. It was a private chemical laboratory set up in a mini-warehouse he leased. He registered the business as a sole proprietorship with the Secretary of State.

In April 1984, a small chemical fire was discovered in the laboratory by neighbors. The fire department and the sheriff's department responded to the fire and noticed various chemicals stored on the premises. Agents from the DEA and the CBI were called to the scene and seized chemicals and equipment, including one and one-half pounds of phenylacetoacetonitrile. None of the chemicals seized were controlled substances.

At trial, the prosecution produced expert testimony that phenylacetoacetonitrile can be combined with either sulphuric or phosphoric acid to produce phenyl–2–propanone (P–2–P) which is a schedule II controlled substance. Sulphuric and phosphoric acid were seized from the laboratory. P–2–P is not a drug but rather is an intermediate compound that can be combined with methylamine to synthesize methamphetamines (speed). No P–2–P, methylamine, or methamphetamines were present in the laboratory.

The defense presented evidence that phenylacetoacetonitrile can likewise be combined with ethyl alcohol or methanol to produce phenylacetic acid, a legitimate compound used to make perfume esters, which the defendant maintained was what he made in the laboratory. Methanol was also seized from the laboratory.

The defendant asserts the evidence was insufficient to support the conviction of criminal attempt to manufacture a controlled substance. We agree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the charge beyond a reasonable doubt. *People v. Gonzales*, 666 P.2d 123 (Colo.1983); *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

The due process clauses of the United States and Colorado constitutions prohibit criminal conviction except on proof of guilt beyond a reasonable doubt on each of the essential elements of the crime. *People v. Gonzales, supra.* Proof beyond a reasonable doubt is proof that would lead a reasonable person to act without hesitation in matters of importance to himself. *COLJI–Crim.* No. 3:04 (1983). In *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) the Supreme Court discussed the level of evidence necessary to sustain proof beyond a reasonable doubt. "Any evidence that is relevant— that has any tendency to make the exist-

ence of an element of a crime slightly more probable than it would be without the evidence, *cf.* Fed.R.Evid. 401—could be deemed a 'mere modicum.' But it could not seriously be argued that such a 'modicum' of evidence could by itself rationally support a conviction beyond a reasonable doubt."

■ Here, one of the elements of the charge against the defendant was that he engaged in a substantial step toward manufacturing P–2–P. To be that substantial step defendant's action must strongly corroborate the firmness of his purpose to complete the prohibited manufacture. *See* §§ 18–18–105(1)(a) and 18–2–101(1).

■ The People contend the substantial step is shown by the defendant's possession of the chemicals and equipment necessary to manufacture P–2–P in a laboratory that, according to their witnesses, has the appearance of an illicit laboratory. However, even with the evidence considered in a light most favorable to the prosecution, the defendant's laboratory operation and possession of chemicals was equally as consistent with a legitimate purpose as with an illegitimate one. Thus, there is at most only a mere modicum of evidence the defendant took a substantial step toward manufacture of P–2–P. Consequently, we conclude that the evidence presented at trial was insufficient to support the conviction. *People v. Gonzales, supra; People v. Bennett, supra; Stevenson v. People,* 148 Colo. 538, 367 P.2d 339 (1961).

Since we reverse defendant's conviction for insufficiency of the evidence, we need not reach his other contentions. *See People v. Lybarger,* 700 P.2d 910 (Colo.1985).

Judgment reversed.

SMITH and BABCOCK, JJ., concur.