**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Joe CHAVEZ, Jr., Defendant-Appellant.**

**No. 86CA0228.**

Colorado Court of Appeals, Div. II.

May 21, 1987.

Rehearing Denied June 4 and June 11, 1987.

Certiorari Granted (People) Sept. 14, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy E. Nelson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda Perkins, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Joe Chavez, Jr., appeals both the judgment of conviction entered by the trial court for the offense of attempting to introduce contraband into a detention facility and the enhanced sentence which was imposed. We affirm the judgment but vacate the sentence.

While detained at the Weld County jail, the defendant and another inmate were observed in a shower stirring a substance contained in a plastic bag. The substance appeared to be a combination of orange peels, orange, and bread floating in a mixture of milk and water. Samples of the substance later tested positive for the presence of ethyl alcohol, normally a product of fermentation. As a result of this incident, the defendant was charged with introducing contraband in the first degree.

Following a trial to the court, defendant was convicted of attempt to introduce contraband in the first degree. Based upon a delay of three months between the time the substance was seized and the time it was tested, the trial court concluded the prosecution had failed to prove beyond a reasonable doubt that the substance contained alcohol at the time the defendant possessed it. The trial court also found fault with the testing and sampling procedures applied to the substance. Nevertheless, the trial court found the evidence supported the conclusion that the defendant had unlawfully attempted to make alcohol while confined in a detention facility.

I

Initially, defendant contends the evidence was insufficient to sustain a conviction of attempt to introduce contraband in the first degree. We disagree.

Challenges to the sufficiency of the evidence supporting a criminal conviction require a reviewing court to determine

whether the evidence, both direct and circumstantial, when viewed as a whole and in a light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime beyond a reasonable doubt. *Taylor v. People,* 723 P.2d 131 (Colo.1986).

■ Despite the flaws in the sampling and testing procedures employed in this case, we conclude the evidence suffices to prove the defendant was attempting to make alcohol while confined in a detention facility in violation of § 18–8–203(1)(b), C.R.S. (1986 Repl.Vol. 8B). The mixture the defendant concocted was capable of producing alcohol, and the surrounding circumstances did not reveal any legitimate purpose for it. Thus, his actions in doing so are sufficient to support a conviction for criminal attempt. *See* § 18–2–101(1), C.R.S. (1986 Repl.Vol. 8B). *Cf. People v. Noland,* 739 P.2d 906 (Colo.App.1987).

## II

Next, defendant asserts the trial court erred by imposing a sentence in the aggravated range. We agree.

In sentencing defendant, the trial court noted that the incident which formed the basis for the charge at issue took place one day after the defendant had entered a plea of guilty to aggravated motor vehicle theft and misdemeanor theft, but prior to sentencing on those charges. As a basis for imposing sentence in the aggravated range, the trial court found defendant was "subsequently convicted of a crime which was pending, namely the aggravated motor vehicle theft charge ... [and] the date of the conviction, for the purposes of the statute, is the date of sentencing and the entry of judgment and conviction and the signing of the mittimus." Defendant was sentenced to a concurrent term of five years on the attempt charge.

■ The trial court ostensibly imposed the aggravated sentence pursuant to § 18–1–105(9)(a)(IV), C.R.S. (1986 Repl.Vol. 8B) which requires an enhanced sentence when defendant is charged with a previous felony at the time the felony at issue was committed and is subsequently convicted of the previous felony. The People concede the trial court erred by relying on this subsection. The defendant stood convicted of the aggravated motor vehicle theft charge when he pled guilty, and that occurred before the incident at issue here. *See* § 16–7–206(3), C.R.S. (1986 Repl.Vol. 8A).

■ However, the People maintain the aggravated sentence was correctly imposed pursuant to § 18–1–105(9)(a)(V), C.R.S. (1986 Repl.Vol. 8B) which requires an enhanced sentence when defendant is under confinement as a convicted felon at the time of commission of the felony at issue. Defendant asserts that, here, *People v. Russell,* 703 P.2d 620 (Colo.App.1985) precludes application of sentence enhancement under that subsection. We agree with defendant.

*People v. Russell, supra,* held that if lawful confinement is an element of the substantive crime of felony escape, then that element cannot in and of itself logically constitute an extraordinary aggravating aspect of the escape. While the language of *Russell* limits its application to escape cases, we conclude the same reasoning is applicable here.

The defendant was convicted of attempt to introduce contraband as defined by § 18–8–203(1)(b). The elements of that offense are (1) knowingly and unlawfully (2) making alcohol while (3) being a person confined in a detention facility. Since confinement in a detention facility is an essential element of the substantive crime, there is a question whether the General Assembly would consider the defendant's confinement an aggravating circumstance.

Criminal statutes are to be construed strictly in favor of the accused, *People v. Roybal,* 618 P.2d 1121 (Colo.1980). The General Assembly has not enacted an additional statute demonstrating its intent to make confinement an aggravating circumstance. *See People v. Haymaker,* 716 P.2d 110 (Colo.1986) (crime of violence statute left no doubt as to legislative intent that defendant's use of a deadly weapon should

be considered both an element of the substantive crime and an aggravating circumstance for sentencing). Therefore, we conclude the trial court committed reversible error by sentencing the defendant in the aggravated range.

Since we vacate the defendant's sentence on this issue, we need not reach his remaining contention.

The judgment is affirmed, the sentence is vacated, and the cause is remanded for resentencing in accordance with the views expressed herein.

SMITH and BABCOCK, JJ., concur.