The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Stanley G. **RUSSELL**, Defendant-Appellant.

No. 83CA0960.

Colorado Court of Appeals, Div. I.

Feb. 14, 1985.

Rehearing Denied March 7, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Stanley G. Russell, appeals from the sentence imposed upon the judgment of conviction entered on a jury verdict finding him guilty of escape. We vacate the sentence, and remand for resentencing.

Defendant was convicted of escape in violation of § 18–8–208(2), C.R.S. (1978 Repl.Vol. 8), which provides that:

"A person commits a class 3 felony if, while being in custody or confinement under a sentence following conviction of a felony other than a class 1 or class 2 felony, he knowingly escapes from said custody or confinement."

The trial court concluded that § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.) required it to impose a sentence beyond the presumptive range for a class 3 felony. In imposing a sentence of eight years and one day plus one year of parole, consecutive to the term defendant was serving at the time of the escape, the trial court indicated that, but for the mandatory provisions of the

statute, it probably would have imposed a sentence within the presumptive range of between four and six years. *See* § 18–1–105(1)(a), C.R.S. (1984 Cum.Supp.).

Section 18–1–105(9)(a), C.R.S. (1984 Cum. Supp.) provides that if a defendant is convicted of a felony, then the presence of certain extraordinary aggravating circumstances mandates the imposition of a sentence beyond the presumptive range for the particular felony at issue.

Under § 18–1–105(9)(a)(V), one such aggravating circumstance is that:

"The defendant was under confinement in prison, or in any correctional institution within the state as a convicted felon, or an escapee from any correctional institution within the state for another felony *at the time of the commission of a felony.*" (emphasis added)

The defendant contends that the trial court erred in concluding that his conviction for the felony of escape from a correctional institution triggered the operation of this enhanced sentencing provision. We agree.

■ Legislative intent is the linchpin of statutory construction. *Ingram v. Cooper,* 698 P.2d 1314 (Colo.1985). Where feasible, a statute should be given that construction which will render it effective in accomplishing the purpose for which it was enacted. *Schubert v. People,* 698 P.2d 788 (Colo.1985). It is presumed that the entire statute is intended to be effective, § 2–4–201(1)(b), C.R.S. (1980 Repl.Vol. 1B), and that a just and reasonable result is intended. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *Ingram v. Cooper, supra.* And, criminal statutes are to be construed strictly in favor of the accused. *People v. Roybal,* 618 P.2d 1121 (Colo. 1980).

The People argue that § 18–1–109(9)(a)(V), C.R.S. (1984 Cum.Supp.) is applicable here because commission of felony escape is a felony committed while under confinement and continued while an escapee. We reject this construction.

Our review of the legislative sentencing scheme, *see* Titles 16, 17, and 18, C.R.S. (1978 Repl.Vol. 8), reveals that, if the construction advocated by the People were adopted, conviction of the class 3 felony of escape would always require imposition of a sentence in excess of the presumptive range specified for such class of felonies. Such a construction would be contrary to the presumption that an entire statute is intended to be effective. *See Cooper v. Ingram, supra.* Moreover, it would be tantamount to judicially changing the crime here at issue from a class 3 felony to a class 2 felony. Hence, such construction is unacceptable.

■ The elements of the crime of escape are: (1) the knowing commission of (2) a voluntary act, which (3) constitutes a departure from one of the forms of lawful custody or confinement specified in § 18–8–208, C.R.S. (1978 Repl.Vol. 8). *People v. Williams,* 199 Colo. 515, 611 P.2d 973 (1980). Thus, lawful confinement is an element of the substantive crime of felony escape, and commission of this element by the defendant, in and of itself, cannot logically constitute an "extraordinarily aggravating" aspect of the escape. *See People v. Phillips,* 652 P.2d 575 (Colo.1982).

Finally, it is apparent that § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.) was enacted for the safety of staff and inhabitants of correctional institutions and for the public welfare generally, by deterring, through enhanced punishment, the commission of other felonies by inmates and the commission of other felonies by escapees.

■ Accordingly, we hold that § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.) does not apply to the crime of escape, but rather it applies to *other* felonies committed while under confinement or to *other* felonies committed after escape from confinement. In so ruling, we note that any other construction of the statute would negate and render mere surplusage the language that "at the time of the commission of a felony" the perpetrator was an escapee. *See* § 2–4–201(1)(b), C.R.S. (1980 Repl.Vol. 1B); *Ingram v. Cooper, supra.*

Although we have rejected the basis employed by the court for an enhanced sentence, nevertheless, we recognize that the trial court retains authority to impose a sentence beyond the presumptive range for the class 3 felony of escape pursuant to § 18–1–105(6), C.R.S. (1984 Cum.Supp.) upon a finding of extraordinary aggravating circumstances.

The sentence is vacated, and the cause is remanded for resentencing in accordance with the views expressed herein.

PIERCE and SMITH, JJ., concur.