**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Herbert C. JACKSON, Defendant-Appellant.**

**No. 83CA0483.**

Colorado Court of Appeals, Div. I.

Feb. 14, 1985.

Rehearing Denied March 7, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Herbert C. Jackson, appeals from the sentence imposed upon the judgment of conviction entered following his plea of guilty to escape. We affirm.

Defendant escaped from the Centennial Correctional Facility while serving a 40-year sentence for assault in the first degree. Pursuant to a plea agreement, he pled guilty to escape, a class three felony, in exchange for dismissal of habitual criminal counts.

The trial court concluded that § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.) required imposition of a sentence in excess of the presumptive range. Defendant was sentenced to a term of 10 years, to run consecutive to any sentences then being served.

■ Defendant contends that the trial court erred in construing the provisions of § 18–1–105(9)(V), C.R.S. (1984 Cum.Supp.) as mandating imposition of a sentence outside the presumptive range. We agree with this contention, but find alternative support in the record for the sentence.

■ In *People v. Russell*, 703 P.2d 620 (Colo.App.1985), we held that upon conviction for the crime of felony escape, *see* § 18–8–208(2), C.R.S. (1978 Repl.Vol. 8), the trial court may sentence the defendant within the presumptive range for this class 3 felony. *See* § 18–1–105(1), C.R.S. (1978 Repl.Vol. 8). However, in imposing sentence here, the trial court expressly found that because of the defendant's extensive criminal history, including a number of felony convictions, several of which were for violent crimes, a sentence beyond the presumptive range was warranted regardless of the provisions of § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.).

We conclude from the record that the alternative findings of the trial court support the sentence beyond the presumptive range, and that there was no abuse of discretion. *See People v. Romero*, 694 P.2d 1256 (Colo.1985); *Flower v. People*, 658 P.2d 266 (Colo.1983).

Sentence affirmed.

PIERCE and SMITH, JJ., concur.