The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Karen Sue MANLEY, Defendant-Appellant.

No. 84CA0382.

Colorado Court of Appeals, Div. I.

April 25, 1985.

Rehearing Denied May 23, 1985.

Certiorari Denied Oct. 15, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

Kevin R. O'Reilly, Glenwood Springs, for defendant-appellant.

BABCOCK, Judge.

Defendant, Karen Sue Manley, was charged with and pleaded guilty to vehicular assault, a class 5 felony. Her request for probation was denied, and although none of the mandatory statutory aggravating circumstances of § 18–1–105(9), C.R.S. (1984 Cum.Supp.) were present in this case, defendant was sentenced to three years imprisonment, a term of incarceration beyond the one to two year presumptive range for a class 5 felony. See § 18–1–105(1)(a), C.R.S. (1984 Cum.Supp.). She appeals the sentence imposed, and we vacate the sentence and remand with directions.

The defendant argues that either the trial court mistook the offense for a class 4 felony, or abused its discretion in failing to make specific findings supporting the sentence as required by § 18–1–105(7), C.R.S. (1984 Cum.Supp.).

The record does not support defendant's claim that the trial court confused the classification of the offense. The trial court announced the purpose of the March 6, 1984, hearing as "disposition upon the defendant's plea of guilty to the crime of vehicular assault, a class 5 felony." It reiterated the classification of the offense throughout the hearing and reviewed a presentence report prepared on the basis of defendant's plea of guilty to a class 5 felony.

We do not reach defendant's argument regarding the specificity of the trial court's findings. Assuming *arguendo,* that the findings were sufficient to comply with § 18–1–105(7), we conclude this case must nevertheless be reversed as we find the sentence improper on the record before us.

Section 18–1–105(7), C.R.S. (1984 Cum. Supp.) permits imposition of a sentence beyond the presumptive range if the court finds specific extraordinary aggravating circumstances justifying variation from a presumptive sentence. Here, the court justified variation from the presumptive sentencing range solely upon the harm done to the victim and as a deterrent to others in the community.

 Section 18–1–102.5, C.R.S. (1984 Cum.Supp.) establishes the deterrence of others as one of the inherent purposes of the Colorado Criminal Code with respect to sentencing generally, and the presumptive sentencing statute reflects these legislative objectives. *People v. Phillips,* 652 P.2d 575 (Colo.1982). In order to achieve the purposes of sentencing, the General Assembly has required the sentencing court to consider and weigh the nature and elements of the offense, the character and record of the offender, and all aggravating or mitigating circumstances surrounding the offense and offender, including those specifically found by the sentencing court to be extraordinary. See §§ 18–1–105(1)(b), (6) and (7), C.R.S. (1984 Cum.Supp.); *People v. Phillips, supra.*

These circumstances are recognized by the statute as unique to each case. See *People v. Phillips, supra.* Hence, it is incumbent upon the sentencing court to consider and weigh such circumstances prior to the imposition of sentence. See *People v. Piro,* 671 P.2d 1341 (Colo.App.1983). It is only then that the sentencing court may exercise its informed discretion and select a sentence appropriate to the peculiar circumstances before it which achieves the General Assembly's stated sentencing goals and purposes.

The trial court's reliance here upon deterrence as an extraordinary aggravating circumstance is misplaced. Deterrence is not an aggravating "circumstance," unique to a particular case; rather, deterrence is but one sentencing goal to be achieved after the facts of each case are considered and weighed.

We also conclude that the trial court erred in considering the extent of the injury done to the victim as an extraordinary aggravating circumstance. In *Smith v. People*, 32 Colo. 251, 75 P. 914 (1904), the court, quoting from Black's Law Dictionary, defined aggravation as "[a]ny circumstance attending the commission of a crime ... which increases its guilt or enormity ... which is above and beyond the essential constituents of the crime ... itself." *See also People v. Phillips, supra.*

An essential substantive element of the crime of vehicular assault is that the victim sustain "serious bodily injury." "'Serious bodily injury' means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body." Section 18-1-901(3)(p), C.R.S. (1978 Repl. Vol. 8). It was undisputed that the victim here suffered "serious bodily injury." Although this injury was devastating, it was an essential constituent of the crime and cannot logically also constitute an "extraordinary aggravating" attendant circumstance. *See People v. Phillips, supra; People v. Russell*, 703 P.2d 620 (Colo.App.1985).

Defendant also contends that the trial court erred in denying probation. However, the denial of probation is not subject to appellate review. Section 16-11-101(1)(a), C.R.S. (1978 Repl. Vol. 8); *People v. Godwin*, 679 P.2d 1095 (Colo.App.1983).

The sentence is vacated, and the cause is remanded for resentencing. Pursuant to § 18-1-409, C.R.S. (1978 Repl. Vol. 8), we direct that the sentence to be imposed not exceed the presumptive range.

PIERCE and SMITH, JJ., concur.