The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Ronald Gene SANDERS,
Defendant-Appellee.

No. 85SA3.

Supreme Court of Colorado,
En Banc.

April 21, 1986.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Michael J. Milne, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

No appearance for defendant-appellee.

PER CURIAM.

The People appeal under section 16-12-102, 8 C.R.S. (1978), an order of the Adams County District Court dismissing a charge of crime of violence under section 16-11-309, 8 C.R.S. (1985 Supp.), brought in conjunction with a charge of first degree sexual assault with a deadly weapon, § 18-3-402(2)(c), 8 C.R.S. (1978). The district court dismissed the violent crime charge on the grounds that imposition of an aggravated sentence under section 16-11-309 would constitute double jeopardy and would deny equal protection to a defendant convicted of first degree sexual assault with a deadly weapon. The case proceeded to trial on the sexual assault count and the jury returned a verdict of not guilty.

The issue raised by the People is whether the provisions of the violent crime statute constitutionally may be applied to a defendant convicted of first degree sexual assault. In *People v. Haymaker*, 716 P.2d 110, (Colo.1986), we determined that although the use of a deadly weapon raises first degree sexual assault from a class 3 to a class 2 felony under section 18-3-402(2)(c), basing a conviction of a crime of violence and a sentence in the aggravated range for a class 2 felony on the same factor does not violate state and federal constitutional guarantees of equal protection and due process or prohibitions against double jeopardy. *See also People v. Powell*, 716 P.2d 1096 (Colo.1986). The district court's ruling dismissing the crime of violence charge is inconsistent with *Haymaker*. Therefore, we disapprove the ruling of the district court.