The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gabriel GARCIADEALBA, Defendant-Appellant.

No. 85CA1262.

Colorado Court of Appeals, Div. II.

Nov. 26, 1986.

Rehearing Denied Jan. 8, 1987.

Certiorari Denied (People) May 11, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Krikscium, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Frey, Lach & Michaels, P.C., John P. Frey, Fort Collins, for defendant-appellant.

SMITH, Judge.

Defendant, Gabriel Garciadealba, seeks review of the sentences imposed by the trial court following his guilty pleas to four counts of sexual assault on a child, and one count of attempted sexual assault on a child. The trial court found that extraordinary aggravating circumstances were present as to each of the counts and, therefore, sentenced defendant, in the aggravated range, to eleven years on each count of sexual assault on a child, and to six years on the count of attempted sexual assault on a child. The court then ordered that the

sentences be served consecutively for a total of 50 years. We vacate the sentences and remand for resentencing.

Defendant, a citizen of Mexico, was 25 years old at the time of sentencing. He was married with two children, and had a masters degree in child psychology which he had obtained from Monterrey University in 1980. After coming to Colorado in 1983, defendant assumed the position of director of a day care center in Loveland. He resigned this position shortly before the charges were filed in this case, and at the time of sentencing was employed as manager of a resort.

Defendant was charged with seven counts of sexual assault on a child, and one count of attempted sexual assault on a child. Five of the counts arose from incidents which allegedly occurred in 1983 and 1984 while defendant was acting as director of the day care center, two of them involved his stepson, and one involved a friend of his stepson.

Defendant initially entered pleas of not guilty to all counts, and was offered a plea bargain which he rejected. Four days prior to trial, contrary to the advice of his attorney, he entered pleas of guilty to five of the eight counts, and allowed the trial court to sentence him without being constrained by any plea or sentencing concessions. He further instructed his attorney not to participate in the sentencing process. The district attorney thereafter voluntarily dismissed the remaining three counts to which the defendant did not object.

The four counts of sexual assault on a child to which defendant pled guilty are class three felonies for which the presumptive sentencing range is four to eight years. Sections 18–1–105(1)(a)(II), 18–3–405, C.R.S. (1986 Repl.Vol. 8B). The count of attempted sexual assault on a child is a class four felony for which the presumptive range is two to four years. Sections 18–1–105(1)(a)(II), 18–2–101, C.R.S. (1986 Repl. Vol. 8B).

Under the statutory sentencing scheme applicable here, the specific term selected within the designated presumptive range is discretionary with the trial court and that discretion is to be exercised based upon factors, disclosed to the court during trial or at the sentencing hearing, which tend to aggravate or mitigate the seriousness of the specific offense based on the conduct or background of the particular defendant in committing the offenses. If there are *extraordinary* aggravating circumstances present, an enhanced sentence of up to twice the presumptive maximum may be imposed. Or, if there are *extraordinary* mitigating circumstances, a sentence of as little as one-half the presumptive minimum may be imposed. Section 18–1–105, C.R.S. (1986 Repl.Vol. 8B).

The trial court here, at sentencing, considered mitigating circumstances which included the absence of any prior criminal record, defendant's willingness to admit voluntarily his involvement in the charged criminal activity, his education and employment history, and his faithful attendance in court. The court then made extensive findings in which it enumerated the aggravating factors in the case. The court concluded from the totality of the circumstances that this was a case involving extraordinary aggravating circumstances justifying a sentence on each count beyond the presumptive range, and one which also justified the imposition of consecutive sentences.

Defendant argues that the trial court abused its discretion in imposing sentences beyond the presumptive range. We agree, because we are bound to follow the mandates of the General Assembly expressed in the statutes relating to the imposition of sentences for specific crimes and the criteria to be applied in their imposition.

Among the factors the trial court may determine to be extraordinary aggravating circumstances under § 18–1–105(9)(c), are unusual aspects of the defendant's character, past conduct, habits, health, age, events surrounding the crime, or any pattern of conduct which indicates defendant is a serious danger to society, including his past convictions and the unlikelihood of his rehabilitation. *People v. Phillips*, 652 P.2d 575 (Colo.1982). Here, the enhanced sentences are based primarily

on circumstances which are not unusual or "extraordinary" when compared to other instances in which the same crimes have been committed.

For example, the court considered as an aggravating circumstance the fact that defendant was in a position of trust, and that he preyed on children who were under his care. However, these circumstances were, in fact, essential elements of the crime charged.

Sexual assault on a child is ordinarily a class four felony. It is committed when a person knowingly subjects a child fifteen years or younger to any sexual contact. Section 18–3–405, C.R.S. (1986 Repl.Vol. 8B).

Such conduct becomes a class three felony if it is accomplished by force, threats or intimidation, or if, as here, it is committed by a person occupying a position of trust relative to the victim.

"One in a 'position of trust' includes, but is not limited to, any person who is a parent or acting in the place of a parent and charged with any of a parent's rights, duties, or responsibilities concerning a child or a person who is charged with any duty or responsibility for the health, education, welfare, or supervision of a child, including foster care, child care, family care, or institutional care ... at the time of an unlawful act." Section 18–3–401(3.5), C.R.S. (1986 Repl.Vol. 8B).

■ Thus, the defendant's being in a position of trust is an element of the offense. A factor which constitutes an element of the substantive crime at the time of commission of this offense could not, in addition, constitute an extraordinary aggravating circumstance. See People v. Manley, 707 P.2d 1021 (Colo.App.1985).

■ The trial court also considered as an extraordinary circumstance the "tremendous harm and damage" done to these children who were ages eight through eleven years, and the "total devastation and guilt" which they will experience for many years. The trial court then stated that although there was no overt violence used in this case, it still considered this a violent act.

Sexual assault on a child is indeed a heinous crime that causes devastating results whenever it is committed, particularly when the perpetrator is in a position of trust. However, recognition of these factors forms the basis of the General Assembly's designation of this offense as a class three felony, punishable by a term from four to eight years in the state penitentiary. We would not dispute that there was tremendous harm and damage done to the victims here, but the record fails to indicate that the harm done to them was "extraordinary," as being more devastating than one would expect whenever a child has been subjected to sexual contact by an adult in whom the child trusted. See People v. Phillips, supra.

The trial court also found as aggravating circumstances the "devastating effect" such activity has on all those who care for children. It commented on the fear that is created in the public when it becomes aware of these criminal actions, and the harm that is caused to all persons who deal with children because of suspicions that are raised by any physical contact. Further, the court considered the effect and harm caused to all parents and to society when a crime of this nature is committed.

These factors, while of great significance, are not extraordinary circumstances peculiar to this case, but rather are results which are common in all such cases. We must therefore presume they also were considered by the General Assembly in determining the severity of punishment that should be imposed upon all persons committing this crime.

Finally, the trial court found that defendant suffered from a character disorder and that his rehabilitation was doubtful. Section 18–1–105(1)(b)(I) C.R.S. (1986 Repl.Vol. 8B) specifies that the prediction of the potential for future criminality by a particular defendant may not be considered in determining the length of sentence to be imposed unless it is based on prior criminal conduct. Here, the record contains no indication of any prior criminal conduct by defendant, and thus, the trial court also improperly considered defendant's potential

for future criminality as an extraordinary aggravating circumstance.

Our examination of the record fails to disclose extraordinary circumstances which distinguish these specific offenses from others of a like nature. We therefore conclude that the trial court erred in imposing sentences in excess of the presumptive range.

■ While the authority to impose sentences in the aggravated range is strictly governed by statute, the decision as to whether separate sentences should be served consecutively or concurrently is one committed to the sound discretion of the sentencing court; the exercise of that discretion, however, is not carte blanche and must be based on a careful balancing of many factors. Consecutive sentences resulting in an extraordinarily long prison term must be supported by evidence in the record justifying the trial court's decision. *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975).

■ In *People v. Edwards*, 198 Colo. 52, 598 P.2d 126 (1979) the Supreme Court reversed an imposition of consecutive sentences because the record failed to disclose sufficient facts to support the court's apparent conclusion that defendant was beyond hope of the rehabilitation which is contemplated by the sentencing statutes. The record before us demonstrates the same lack of facts, findings, and reasoning. We, therefore, also reverse that portion of the sentencing order which directs that the sentences imposed be served consecutively.

The sentences are vacated and the cause is remanded with directions to impose new sentences consistent with the views expressed herein.

STERNBERG and METZGER, JJ., concur.