The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Paul LEONARD, Defendant–Appellee.

No. 86SA362.

Supreme Court of Colorado,
En Banc.

May 9, 1988.

Rehearing Denied June 6, 1988.

Roger B. Larsen, Dist. Atty., Edward J. Rodgers, Deputy Dist. Atty., Canon City, Steven B. Rich, Deputy Dist. Atty., Fairplay, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellee.

VOLLACK, Justice.

The People appeal from the eighteen month sentence imposed on the defendant-appellee, Paul Leonard, by the Fremont County District Court.[1] We conclude that the district court judge abused his discretion in sentencing the defendant to a term of imprisonment within the presumptive range set forth in the sentencing statute. For that reason, we vacate the sentence and remand with instructions to the district court to resentence the defendant within the aggravated range as required by section 18–1–105(9)(a)(V), 8B C.R.S. (1986).

I.

The defendant-appellee, Paul Leonard (Leonard or the defendant), was an inmate at the Skyline Correctional Facility in March 1986 when he was charged with unlawful possession of contraband in the first degree, in violation of section 18–8–204.1, 8B C.R.S. (1986), a class 5 felony. These charges arose from an investigation conducted by officers at the Department of Corrections Skyline Correctional Center. In March 1986, an officer observed Leonard and another inmate rolling cigarettes with a substance which the officers suspected to be marijuana. Officers did a "shake-down" search of Leonard and the other inmate and seized the suspected marijuana and cigarette papers. Chemical field tests established that the substance seized was marijuana, and the defendant was charged with this offense. The case was

---

1. This court has jurisdiction for the appeal of Leonard's sentence pursuant to C.A.R. 4(b)(2), 7B C.R.S. (1984), and section 18–1–409, 8B C.R.S. (1986).

tried to a jury in July 1986, and the jury returned a verdict of guilty of possession of contraband in the first degree. The defendant's motion for new trial was denied.

The defendant's sentencing hearing was conducted in September 1986. The presumptive sentencing range for the contraband conviction was one to four years incarceration, plus a fine of $1,000 to $10,000 and up to five years of parole. The sentencing statute mandated that if the court found the existence of extraordinary aggravating circumstances, it must impose a sentence in the aggravated range. The aggravated range requires a sentence that is greater, but not more than twice, the maximum in the presumptive range. § 18–1–105(9)(a), 8B C.R.S. (1986).

At the sentencing hearing, the prosecutor and the defense attorney presented arguments on the issue of whether the court was required to impose a sentence in the aggravated range under the "extraordinary aggravating circumstance" provision of the sentencing statute, because the defendant was a convicted felon who was incarcerated in Colorado at the time of the contraband offense in this case. After noting that the possession charge involved "a very small amount" of contraband, and that his opinion was that Leonard was not selling drugs to other inmates, the district court concluded: "I don't think [Leonard] should be sentenced in the aggravated range." The judge further held that even though he would not impose a sentence in the mitigating range, he would sentence "on the mitigating end" of the presumptive range.[2] The court then imposed a sentence of eighteen months imprisonment. The prosecution filed a notice of appeal in this court seeking review of the defendant's sentence.[3] The prosecution asserts that the sentence imposed in this case was illegal

because an aggravated range sentence was mandatory under the statute. The defendant argues that because "confinement in a detention facility is an element of the substantive offense of possession of contraband in the first degree," he cannot be subject to an aggravated sentence by reason of his confinement.

## II.

### A.

◼ The prosecution contends that the sentence imposed on Leonard by the district court is illegal because a sentence within the aggravated range was required by statute. The sole issue before us is whether the trial court was required by statute to impose a sentence within the aggravated range on the defendant because he was convicted of this contraband felony charge while confined in a correctional institution in this state.

Section 18–1–105(9)(a)(V) provides:

(9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

. . . .

(V) The defendant was under confinement, in prison, or in any correctional institution within the state as a convicted felon, or an escapee from any correctional institution within the state for another felony at the time of the commission of a felony; . . .

8B C.R.S. (1986).

The statutory language is unambiguous: "The presence of any one or more of the

---

2. The statute provides that if the court "concludes that ... mitigating circumstances are present ... and support a different sentence ... it may impose a sentence which is lesser ... than the presumptive range; except that in no case shall the term of sentence be ... less than one-half the minimum term authorized in the presumptive range for the punishment of the offense." § 18–1–105(6), 8B C.R.S. (1986).

3. In October 1986, the defendant filed an appeal of his conviction in the court of appeals, Case No. 86CA1560. That decision is pending in the court of appeals; the trial proceedings and conviction are not before this court.

following extraordinary aggravating circumstances *shall require* the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater ... but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony: ... (V) *The defendant was ... in any correctional institution within the state for another felony at the time of the commission of a felony.*" § 18–1–105(9)(a)(V) (emphasis added).

"[T]his court has consistently held that the use of the word 'shall' in a statute is usually deemed to involve a mandatory connotation." *People v. District Court,* 713 P.2d 918, 921 (Colo.1986). In *District Court,* we held that "the plain meaning of subsection (9)(a) [of section 18–1–105] would seem to dictate that *a sentencing court, when faced with the presence of one of the extraordinary aggravating circumstances* set forth in that subsection, *has no alternative* other than to sentence a defendant to a term of imprisonment within the aggravated range." 713 P.2d at 921 (emphasis added).

In order to trigger the mandatory language of section 18–1–105 under the facts of this case, the prosecution was required to establish that (a) the defendant committed the contraband felony, (b) he was in a correctional institution at the time he committed the felony, (c) the correctional institution is in the state of Colorado, (d) his incarceration is the result of another felony of which he had been convicted, and (e) the court is now sentencing the defendant to incarceration for the new felony.

Here, the jury convicted Leonard of this offense:

**18–8–204.1. Possession of contraband in the first degree.** (1) A person being confined in a detention facility commits the crime of possession of contraband in the first degree if he knowingly obtains or has in his possession contraband as listed in section 18–8–203(1)(a) or alcohol.

(2) Possession of contraband in the first degree, other than a dangerous instrument, is a *class 5 felony.*

8B C.R.S. (1986) (emphasis added). The jury's conviction of Leonard under this statute establishes that he committed a felony. Leonard was in Skyline Correctional Facility in Canon City, Colorado when he committed the felony, thus the second and third requirements of the sentencing statute are met. Fourth, Leonard was incarcerated for "another felony" at the time of the new offense; he was serving consecutive sentences for a robbery conviction in Denver County and a second degree burglary conviction in Arapahoe County. Finally, the court was going to, and did, sentence the defendant to incarceration for the contraband felony. The record therefore establishes that the elements of section 18–1–105(9)(a)(V) were proven by the prosecution in this case. Consequently, the court was bound by the mandatory language of the statute; it did not have discretion to impose a sentence in the presumptive range.

### B.

The defendant's position is that his sentence is controlled by *People v. Russell,* 703 P.2d 620 (Colo.App.1985). He contends that under *Russell,* his status as a detainee cannot be the basis for an aggravated sentence under section 18–1–105(9)(a)(V), 8B C.R.S. (1986). In *Russell,* the defendant was convicted of the substantive offense of felony escape from custody or confinement. He was sentenced in the aggravated range under section 18–1–105(9)(a)(V) because he was "an escapee ... at the time of the commission of a felony." 703 P.2d at 622. The court of appeals vacated the aggravated sentence, holding that "lawful confinement is an element of the substantive crime of felony escape, and commission of this element by the defendant, in and of itself, cannot logically constitute an 'extraordinary aggravating' aspect of the escape." *Id.*

This court addressed *Russell* in *People v. Haymaker,* 716 P.2d 110 (Colo.1986). In *Haymaker,* we rejected constitutional challenges to this sentencing scheme by a defendant who was convicted of first degree sexual assault and crime of violence. 716

P.2d at 114. The sexual assault charge was elevated from a class 3 felony to a class 2 felony because of the defendant's use of a deadly weapon during the offense. Because the defendant used a deadly weapon, he was also convicted of crime of violence. A crime of violence conviction is an extraordinary aggravating circumstance under the sentencing statute,[4] so the defendant was sentenced within the aggravated range. *Id.* The defendant raised numerous constitutional challenges to the validity of his sentence. We rejected these arguments and held that the sentencing statute did not violate the equal protection, due process, and double jeopardy clauses of the United States and Colorado Constitutions. 716 P.2d at 114–19.

In *Haymaker*, we addressed the court of appeals' earlier holding in *Russell* and said: "[I]nsofar as the court of appeals in ... Russell did not recognize a blanket constitutional prohibition against basing an aggravated sentence on an element of the crime, those decisions are consistent with our holding in this case." 716 P.2d at 118 (emphasis added).[5] The defendant's argument in the case before us relies exclusively on the holding in *Russell* that, because lawful confinement is an element of the substantive crime of possession of contraband in the first degree, lawful confinement "cannot logically constitute an extraordinarily aggravating aspect" of the substantive charge. Answer Brief at 4. Because the defendant is relying on *Russell* for the principle that an aggravated sentence cannot be based on an extraordinary aggravating circumstance which is also an element of the substantive crime,[6] his argument is without merit.

In this case, the substantive offense of first degree possession of contraband has the following elements: that the defendant (a) is confined in a detention facility when he (b) knowingly (c) obtains or possesses contraband. The extraordinary aggravating circumstance which brings the defendant under the aggravated sentence provision of the statute has as one of its elements the defendant's "confinement, in prison, or in any correctional institution within the state as a convicted felon." § 18–1–105(9)(a)(V).

In *Haymaker* and the cases that followed it,[7] this court has consistently held that the fact that an element of the substantive charge "also provided the basis for an increased sentence under the crime of violence statute [does] not, in and of itself, work a denial of equal protection of the laws or violate constitutional guarantees against double jeopardy." *People v. Mozee*, 723 P.2d 117, 129 n. 11 (Colo.1986) (citing *People v. Haymaker*, 716 P.2d 110, 114–19 (Colo.1986)). We find this principle to be dispositive of the defendant's argument. While confinement in prison or any correctional institution provides the basis for an aggravated sentence, the fact that the substantive offense and the sentencing

---

4. The subsection of 18–1–105, 8B C.R.S. (1986), applied in *Haymaker* provides:
   (9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:
   (I) The defendant is convicted of a crime of violence under section 16–11–309, C.R.S.; ...

5. We also held that the court of appeals' ruling in *People v. Manley*, 707 P.2d 1021 (Colo.App. 1985), was consistent with our holding in *Haymaker* "[i]nsofar as the court of appeals ... did not recognize a blanket constitutional prohibition against basing an aggravated sentence on an element of the crime." 716 P.2d at 118.

6. Section 18–1–105(9)(f), enacted in 1986, provides that a sentencing court "may consider aggravating circumstances such as serious bodily injury caused to the victim or the use of a weapon in the commission of a crime, *notwithstanding the fact that such factors constitute elements of the offense.*" 8B C.R.S. (1986) (emphasis added). This provision became effective on July 1, 1986, and applies to acts committed on or after that date. Because the offense charged in this case was committed in March 1986, section 18–1–105(9)(f) does not apply.

7. *See People v. Vigil*, 718 P.2d 496 (Colo.1986); *People v. Sanders*, 717 P.2d 948 (Colo.1986) (per curiam); *People v. Powell*, 716 P.2d 1096 (Colo. 1986).

statute contain a similar element does not "in and of itself" result in a violation of equal protection or constitutional guarantees against double jeopardy.

In *Russell*, the extraordinary aggravating circumstance was synonymous with the underlying substantive offense; that is not the case here. "It is the responsibility of the legislature to define crimes and prescribe punishment subject only to constitutional restrictions." *People v. Lacey*, 723 P.2d 111, 115 (Colo.1986). We conclude that the district court abused its discretion in sentencing the defendant in the presumptive range, in light of the extraordinary aggravating circumstance defined in section 18-1-105(9)(a)(V). We vacate the defendant's sentence and remand to the district court for resentencing in compliance with the applicable statutory requirements.

LOHR, J., specially concurs and QUINN, C.J., joins in this special concurrence.

LOHR, Justice, specially concurring:

The issue presented by this case is whether the legislature intended that a person convicted of possession of contraband in the first degree, which requires that the actor have been confined in a detention facility when the offense was committed, be sentenced in the aggravated range solely because he was under confinement in a correctional institution as a convicted felon at the time of the offense. I agree with the majority that the relevant statutes reflect such a legislative intent and therefore specially concur.

The defendant was convicted of possession of contraband in the first degree. The elements of this offense are set forth in section 18-8-204.1(1), 8B C.R.S. (1986), as follows:

A person being confined in a detention facility commits the crime of possession of contraband in the first degree if he knowingly obtains or has in his possession contraband as listed in section 18-8-203(1)(a) or alcohol.

Possession of marijuana in violation of this statute is a class 5 felony. § 18-8-204.1(2), 8B C.R.S. (1986).

"Detention facility" is defined in section 18-8-203(3), and there is nothing to suggest that its meaning when used in section 18-8-204.1 is any different. Section 18-8-203(3) provides:

"Detention facility" means any building, structure, enclosure, vehicle, institution, or place, whether permanent or temporary, fixed or mobile, where persons are or may be lawfully held in custody or confinement under the authority of the United States, the state of Colorado, or any political subdivision of the state of Colorado.

Section 18-8-204.1 is violated, therefore, when *any person* confined in *any detention facility* knowingly possesses contraband. The general assembly, however, has elected to view an offense as more serious when committed by a person who is a convicted felon confined in a prison or correctional institution. Section 18-1-105(9)(a)(V), 8B C.R.S. (1986), provides that such facts constitute extraordinary aggravating circumstances requiring a sentence in the aggravated range.[1] This reflects a legislative intent to punish more severely the possession of contraband by convicted felons incarcerated in facilities housing persons convicted of more serious crimes, while permitting lesser sentences for persons engaging in such conduct while confined in other detention facilities.[2] This is

---

1. § 18-1-105(9)(a)(V), 8B C.R.S. (1986), prescribes as an extraordinary aggravating circumstance mandating sentencing beyond the presumptive range:

The defendant was under confinement, in prison, or in any correctional institution within the state as a convicted felon, or an escapee from any correctional institution within the state for another felony at the time of the commission of a felony;

2. This is not a case in which the extraordinary aggravating circumstance is identical to an essential element of the crime, and in which the legislature has not made clear whether an increased sentence is mandated based solely upon that element. *See People v. Haymaker*, 716 P.2d at 118–19; *People v. Manley*, 707 P.2d 1021 (Colo.App.1985); *People v. Russell*, 703 P.2d 620 (Colo.App.1985).

a matter entirely within the legislative province. *See People v. Haymaker*, 716 P.2d 110 (Colo.1986) (legislative use of element of crime to mandate sentencing in the aggravated range does not violate constitutional guarantees of equal protection or double jeopardy).

I specially concur in the judgment of the court.

QUINN, C.J., joins in this special concurrence.