The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Jerry Peter **HERMAN**, Defendant–Appellant.

No. 86CA1314.

Colorado Court of Appeals, Div. III.

Aug. 11, 1988.

Rehearing Denied Sept. 8, 1988.

Certiorari Denied Jan. 9, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Jerry Peter Herman, appeals a sentence, in the aggravated range, of four years and six months imposed following his guilty plea to felony escape. We affirm.

In 1982, defendant entered a guilty plea to second degree burglary and was placed on four years probation. In 1985, defendant violated his probation and was ordered to serve six months at the Mesa County Work Release/Community Corrections Center as a condition of his continuing probation. Nine days after reporting to the facility, the defendant left and did not return.

Two months later the defendant was arrested. He entered a guilty plea to felony escape pursuant to § 18-8-208(8), C.R.S. (1986 Repl. Vol. 8B). The district court concluded that a sentence to incarceration in the aggravated range was mandated because defendant was on probation at the time of his escape. *See* § 18-1-105(9)(a)(III), C.R.S. (1986 Repl. Vol. 8B).

Defendant contends the sentencing court erred in imposing an enhanced sentence because, he argues, the General Assembly did not intend the mandatory aggravation provision of § 18-1-105(9)(a)(III), C.R.S. (1986 Repl. Vol. 8B) to apply to one who escapes from a work release facility while on probation. We find no error.

In construing a statute so as to give effect to the intent of the General Assembly, we must look first to the language of the statute. The words and phrases should be interpreted according to their plain and ordinary meaning, and the statute must be read and considered as a whole. *People v. District Court,* 713 P.2d 918 (Colo.1986).

The statutory language here provides that the presence of one or more of the enumerated aggravating circumstances, including commission of a felony while on probation for the commission of a previous felony, "shall require" a sentence in the aggravated range. The words "shall" and "require" are mandatory. *People v. District Court, supra.* The statute does not distinguish between felony probationers in general and felony probationers residing in a community corrections facility. Hence, the trial court properly concluded that, because defendant was on probation at the time of his escape, and because his escape from the work release facility constituted a felony, these circumstances required sentencing in the aggravated range.

Contrary to defendant's contention, *People v. Russell,* 703 P.2d 620 (Colo.App.1985) does not mandate a different result. In *Russell,* we concluded that § 18-1-105(9)(a)(V), C.R.S. (1986 Repl. Vol. 8B), which mandates an aggravated sentence for a felony committed while in confinement, does not apply when that felony is the crime of escape. However, as our supreme court noted in *People v. Haymaker,* 716 P.2d 110 (Colo.1986): "*Russell* did not recognize a blanket constitutional prohibition against basing an aggravated sentence on an element of the crime...." *See also People v. Leonard,* 755 P.2d 447 (Colo. 1988).

The *Russell* ruling was narrowly focused and addressed only § 18-1-105(9)(a)(V) of the sentencing statute. Our statutory construction was limited to situations involving escape from confinement in a correctional institution. A similar factual predicate does not exist here.

In this case, probation, rather than confinement, was defendant's primary status. Defendant's placement at the work release

center was only one of several conditions imposed as a condition of his probationary status.

Further, in *Russell*, our conclusions with respect to the impropriety of judicial elevation of a crime to a more serious class of felony were based on a situation in which an element of the substantive crime of escape would always be used to enhance a sentence imposed. However, confinement need not always be imposed as a condition of a defendant's probation. *See* § 16–11–212, C.R.S. (1986 Repl. Vol. 8A). Therefore, defendant's reliance on *Russell* is misplaced.

Moreover, the result here is consistent with the intent of the General Assembly in enacting this sentencing scheme. The General Assembly has determined that commission of a felony while on probation for another felony is sufficiently serious that it must be separately enumerated as a sentence enhancer. A rational basis exists for the policy that punishment should be more severe for one who has received probation with the opportunity to be at liberty while rehabilitating himself as a member of the community, but who nevertheless commits an act that reveals a disregard for the system which afforded him that liberty. The statute reasonably addresses the problem of recidivism through an enhanced sentencing scheme which seeks to deter the commission of additional felonies. Consequently, we hold that the trial court correctly imposed a sentence in the aggravated range.

The defendant also contends that application of § 18–1–105(9)(a)(III), C.R.S. (1986 Repl. Vol. 8B) denies him equal protection of the law. However, that contention was rejected in *People v. Lacey*, 723 P.2d 111 (Colo.1986), and that case is dispositive here.

SENTENCE AFFIRMED.

STERNBERG and HUME, JJ., concur.