The PEOPLE of the State of
Colorado, Petitioner,

v.

Joe CHAVEZ, Jr., Respondent.

No. 87SC250.

Supreme Court of Colorado,
En Banc.

Nov. 14, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Timothy E. Nelson, Asst. Attys. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Linda Perkins, Kathleen Lord, Deputy State Public Defenders, Denver, for respondent.

KIRSHBAUM, Justice.

The Weld County District Court found the defendant, Joe Chavez, Jr., guilty of attempt to introduce contraband into a detention facility, in violation of section 18-2-101(1), 8B C.R.S. (1986).[1] Based on its findings that Chavez was charged with having committed a previous felony at the time he committed the attempt, and that Chavez was subsequently convicted of the previous felony, the trial court imposed a sentence in the aggravated range pursuant to section 18-1-105(9)(a)(IV), 8B C.R.S. (1986). In *People v. Chavez*, 743 P.2d 53 (Colo.App. 1987), the Court of Appeals affirmed the finding of guilt and held that although the sentence could not be imposed pursuant to section 18-1-105(9)(a)(IV), the status of Chavez might permit sentencing in the aggravated range pursuant to section 18-1-105(9)(a)(V).[2] However, relying on *People*

1. Section 18-2-101, 8B C.R.S. (1986), contains the following pertinent provisions:

(1) A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense....

Chavez was charged with the substantive offense of introducing contraband into a detention facility, in violation of § 18-8-203(1)(b), 8B C.R.S. (1986). Section 18-8-203(1)(b) states as follows:

A person commits introducing contraband in the first degree if he knowingly and unlawfully ... (b) Being a person confined in a detention facility, makes any dangerous instru-

ment, controlled substance, marihuana or marihuana concentrate, or alcohol.

The transcript of the trial court proceedings reflects that the trial court found Chavez guilty of attempt to introduce contraband in the first degree. The mittimus, however, states that Chavez was convicted of the substantive count charged. Chavez has filed a motion with the trial court to correct the mittimus to reflect the attempt conviction. The Court of Appeals and the parties have assumed that Chavez was convicted of the offense of criminal attempt.

2. Section 18-1-105(9)(a)(IV), 8B C.R.S. (1986), states as follows:

(9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sen-

v. *Russell*, 703 P.2d 620 (Colo.App.1985), the Court of Appeals vacated the sentence and remanded for resentencing. We granted the People's petition for certiorari review of that portion of the Court of Appeals decision vacating the trial court's sentence.[3] In view of our decision in *People v. Leonard*, 755 P.2d 447 (Colo.1988), issued after our grant of the People's petition for certiorari, we reverse and remand with directions.

## I

On July 17, 1985, Chavez entered a plea of guilty to the felony offense of aggravated motor vehicle theft, § 18–4–409, 8B C.R.S. (1986), in the Weld County District Court. On July 18, 1985, a jailer discovered Chavez making alcohol in a shower stall at the Weld County Jail. On July 23, 1985, Chavez was charged with the offense of introducing contraband in the first degree, pursuant to section 18–8–203(1)(b), 8B C.R.S. (1986). Chavez was sentenced for the aggravated motor vehicle theft offense on August 28, 1985.

A bench trial on the contraband charge commenced December 4, 1985. At the conclusion of the evidence, the trial court found Chavez guilty of the offense of attempt to introduce contraband in the first degree.

In imposing sentence, the trial court found that at the time he attempted to introduce contraband into the Weld County Jail on July 18, 1985, Chavez had not yet been convicted of the aggravated motor vehicle theft offense. The trial court also concluded that Chavez was convicted of the aggravated motor vehicle theft offense on August 28, 1985, when he was sentenced for that offense. On the basis of those determinations, the trial court held that section 18–1–105(9)(a)(IV) requires imposition of a sentence in the aggravated range.

On appeal, Chavez argued, *inter alia*, that the trial court erred by imposing a sentence in the aggravated range. Relying on its prior decision in *People v. Russell*, 703 P.2d 620 (Colo.App.), *cert. denied* (1985), the Court of Appeals held that because confinement is an element of the crime of attempt to make alcohol in jail, that fact could not also be deemed an aggravating factor for sentencing purposes. The Court of Appeals remanded the case with directions to the trial court to enter a new sentence within the presumptive range.

tences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

. . . .

(IV) The defendant was charged with or was on bond for a previous felony at the time of the commission of the felony, for which previous felony the defendant was subsequently convicted.

(V) The defendant was under confinement, in prison, or in any correctional institution within the state as a convicted felon, or an escapee from any correctional institution within the state for another felony at the time of the commission of the felony. . . .

On appeal to the Court of Appeals, Chavez contended that under the facts of this case the trial court erred in utilizing § 18–1–105(9)(a)(IV), 8B C.R.S. (1986), as the basis for imposing an aggravated sentence. The People agreed with this argument, but asserted that because he had entered a guilty plea to the motor vehicle theft offense before he committed the attempt, Chavez was "convicted" of motor

vehicle theft for purposes of § 18–1–105(9)(a)(V); that therefore an aggravated sentence was required by § 18–1–105(9)(a)(V); and that the trial court's sentence was justified by the terms of that section. In his brief to the Court of Appeals Chavez acquiesced in the People's position on this point, arguing only that *People v. Russell*, 703 P.2d 620 (Colo.App.1985), required reversal of the aggravated sentence. The Court of Appeals adopted the People's argument, and Chavez has not cross-appealed the issue. We express no opinion as to the correctness of this interpretation, noting that the word "conviction" has been variously construed by this court. *See People v. Jacquez*, 196 Colo. 569, 588 P.2d 871 (1979); *People v. District Court*, 192 Colo. 375, 559 P.2d 235 (1977); *Rodriquez v. People*, 191 Colo. 540, 554 P.2d 291 (1976). *See also* § 16–7–206(3), 8A C.R.S. (1986).

3. Chavez did not request certiorari review of the Court of Appeals conclusion that the evidence supported the trial court's verdict of guilty of attempt to introduce contraband. We therefore do not address the propriety of that determination.

## II

In *People v. Russell*, 703 P.2d 620 (Colo. App.), *cert. denied* (1985), the Court of Appeals vacated a sentence imposed upon the defendant pursuant to section 18–1–105(9)(a)(V) for the offense of felony escape from custody or confinement. The trial court imposed a sentence in the aggravated range, presumably on the basis of its agreement with the People's argument that because as an escapee the defendant was "under confinement" both at the time the felony was committed and thereafter, the provisions of section 18–1–105(9)(a)(V) requiring imposition of a sentence in the aggravated range were applicable. *See People v. Williams*, 199 Colo. 515, 518, 611 P.2d 973, 975 (1980) (one element of the offense of escape is being under confinement when the offense was committed). The Court of Appeals reversed, holding that "lawful confinement is an element of the substantive crime of felony escape, and commission of this element by the defendant, in and of itself, cannot logically constitute an 'extraordinarily aggravating' aspect of the escape." *Russell*, 703 P.2d at 622. The decision was limited to the crime of escape, however, as reflected by the court's language indicating that section 18–1–105(9)(a)(V) would apply to felonies other than escape committed while under confinement or to felonies other than escape committed after escape from confinement. *Id.*

We denied a petition for certiorari review of *Russell*. However, we have on occasion referred to the limited nature of the holding of that decision. For example, in *People v. Haymaker*, 716 P.2d 110 (Colo.1986), we rejected arguments of a defendant convicted of first degree sexual assault and a crime of violence that section 18–1–105(9)(a)(I), 8B C.R.S. (1986), violated his constitutional rights.[4] In upholding the tri-

al court's sentence in the aggravated range, we made the following reference to the *Russell* decision:

> [I]nsofar as the court of appeals in ... *Russell* did not recognize a blanket constitutional prohibition against basing an aggravated sentence on an element of the crime, those decisions are consistent with our holding in this case.

716 P.2d at 118.[5] Other cases subsequent to *Haymaker* have confirmed that an element of an underlying offense may also provide the basis for an increased sentence under the crime of violence statute without violating constitutional standards. *See People v. Mozee*, 723 P.2d 117, 129 n. 11 (Colo.1986). *See, e.g., People v. Vigil*, 718 P.2d 496 (Colo.1986); *People v. Sanders*, 717 P.2d 948 (Colo.1986) (per curiam); *People v. Powell*, 716 P.2d 1096 (Colo.1986).

Any doubt that *People v. Russell* is inapplicable to the circumstances of this case was resolved by our recent decision in *People v. Leonard*, 755 P.2d 447 (Colo.1988). In *Leonard*, the defendant, while an inmate at the Skyline Correctional Facility, was charged with possession of contraband in the first degree, in violation of section 18–8–204.1, 8B C.R.S. (1986). A jury returned a verdict of guilty to the charge. Rejecting the People's argument that a sentence in the aggravated range was required by the provisions of section 18–1–105(9)(a)(V), the trial court imposed a sentence in the presumptive range.

The People appealed the sentence to this court, arguing that the trial court erred in failing to impose a sentence in the aggravated range pursuant to the requirements of section 18–1–105(9)(a)(V). We vacated the sentence and remanded the case for imposition of a sentence in the aggravated range.

Noting the General Assembly's use of mandatory language and relying on our

---

**4.** Section 18–1–105(9)(a)(I), 8B C.R.S. (1986), states in pertinent part as follows:

(9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term autho-

rized in the presumptive range for the punishment of a felony:

....

(I) The defendant is convicted of a crime of violence under section 16–11–309, C.R.S.....

**5.** We also held that the Court of Appeals ruling in *People v. Manley*, 707 P.2d 1021 (Colo.App. 1985), was consistent with our holding in *Haymaker*.

decision in *People v. District Court*, 713 P.2d 918 (Colo.1986), we held that:

> [T]he plain meaning of subsection (9)(a) [of section 18–1–105] would seem to dictate that a sentencing court, when faced with the presence of one of the extraordinary aggravating circumstances set forth in that subsection, has no alternative other than to sentence a defendant to a term of imprisonment within the aggravated range.

*Leonard*, 755 P.2d at 449 (citing *People v. District Court*, 713 P.2d at 921). We further held that a trial court choosing to impose a sentence for a felony conviction under circumstances governed by section 18–1–105 had no discretion to impose a sentence in the presumptive range.

In *Leonard*, we also rejected the argument that *Russell* required a contrary result. We pointed out that in *Russell* the aggravating circumstance was synonymous with an element of the underlying offense, noting that "the fact that the substantive offense and the sentencing statute contain a similar element does not 'in and of itself' result in a violation of equal protection or constitutional guarantees against double jeopardy." 755 P.2d at 450–51.

Our decision in *Leonard* compels rejection of Chavez's argument here. The General Assembly has the authority to establish more severe penalties for conduct it believes produces especially serious consequences. *People v. Thatcher*, 638 P.2d 760, 766 (Colo.1981). The language of section 18–1–105(9)(a)(V) clearly reflects a legislative intent to punish felony offenses committed by convicted felons confined in detention facilities more severely than felonies committed by non-felons in detention facilities. *Leonard*, 755 P.2d at 451 (Lohr, J., specially concurring). Under the circumstances presented by the record in this case, Chavez, like the defendant in *Leonard*, committed a felony offense while under confinement as a "convicted" felon.[6] The enhanced sentencing requirements of section 18–1–105(9)(a)(V) apply to the circumstances of that offense, just as they required imposi-

tion of a sentence in the aggravated range for the defendant in *Leonard*.

The judgment of the Court of Appeals is reversed insofar as it vacates the trial court's sentence. The case is remanded to the Court of Appeals for remand to the trial court with directions to correct the mittimus in conformity with this opinion.