**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Timothy E. NITZ, Defendant–Appellant.**

No. 02CA2228.

Colorado Court of Appeals, Div. A.

June 3, 2004.

Rehearing Denied Aug. 5, 2004.

Certiorari Denied Dec. 20, 2004.

Ken Salazar, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Timothy E. Nitz, appeals the sentence imposed following the judgment of conviction entered upon his guilty plea to unlawful use of marihuana in a detention facility. The sentence was aggravated under § 18–1.3–401(8)(a)(IV), C.R.S.2003, because defendant was under confinement as a convicted felon when he committed the drug offense. We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to one count of unlawful use of marihuana in a detention facility in exchange for a sentencing cap of fifteen months. Before sentencing, defendant filed a "Brief in Support of Proposition that C.R.S. 18–1–105(9)(A)(V) [now codified as § 18–1.3–401(8)(a)(IV) ] Does Not Apply to Sentencing upon Conviction of Unlawful Use of Marijuana in a Detention Facility."

After receiving briefs and hearing argument on the issue, the court concluded that it was required to sentence defendant to a minimum of fifteen months pursuant to § 18–1.3–401(8)(a)(IV). The court then sentenced defendant according to the plea agreement to fifteen months in the custody of the Department of Corrections (DOC) to be served consecutively to the sentence he was already serving. The court also noted that but for the mandatory provisions of § 18–1.3–401(8)(a)(IV), it would have imposed a twelve-month sentence.

■ Defendant contends the trial court incorrectly determined that it was required to impose a minimum fifteen-month sentence. Relying on *People v. Andrews*, 871 P.2d 1199 (Colo.1994), he argues that his sentence should not have been aggravated under § 18–1.3–401(8)(a)(IV). Specifically, he argues that if § 18–1.3–401(8)(a)(IV) is applied to his sentence, it subsumes and renders meaningless the General Assembly's classification of the offense as a class six felony under § 18–18–406.5, C.R.S.2003. The People assert that the holding in *Andrews* applies only to offenders convicted of felony escape. We conclude that the trial court did not err in imposing an aggravated fifteen-month sentence.

The interpretation of a statute is a question of law that is subject to de novo review. *Hendricks v. People*, 10 P.3d 1231 (Colo. 2000); *Dunlap v. Colo. Springs Cablevision, Inc.*, 855 P.2d 6 (Colo.App.1992).

The power to define criminal conduct and to establish the legal components of criminal liability is vested in the General Assembly. Therefore, in construing a statute, we give effect to the intent of the General Assembly whenever possible. *Copeland v. People*, 2 P.3d 1283 (Colo.2000). The words and phrases used are to be read in context and accord-

ed their plain meaning. *Vega v. People*, 893 P.2d 107 (Colo.1995).

■ The General Assembly may establish more severe penalties for conduct it may rationally perceive to be more egregious or to have graver consequences, even if the differences are only of degree. *People v. Mozee*, 723 P.2d 117 (Colo.1986).

Under § 18–18–406.5(1), C.R.S.2003, possession or use of up to eight ounces of marihuana in a detention facility constitutes a class six felony. A person convicted of a class six felony is subject to a presumptive sentencing range of one year to eighteen months. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2003. As relevant here, under § 18–1.3–401(8)(a)(IV), if the defendant was under confinement as a convicted felon at the time of the commission of the new felony, then the court is required to sentence the defendant to "a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony." At issue here is whether the mandatory aggravator set forth in § 18–1.3–401(8)(a)(IV) applies to defendant's sentence.

The trial court reasoned that because defendant was a convicted felon at the time he entered his guilty plea to use of marihuana while in a detention facility, § 18–1.3–401(1)(a)(V)(A) and (8)(a)(IV) required it to impose a sentence between fifteen and thirty-six months. However, defendant asserts that reasoning ignores the General Assembly's intent to free jail space to house more serious offenders and renders the classification of the offense as a class six felony meaningless. Specifically, defendant argues that the aggravator should not apply because (1) every felon convicted of using marihuana in a detention facility would receive an aggravated sentence and (2) confinement is an element of the substantive offense and cannot, by itself, be an aggravator. We are not persuaded.

In *People v. Andrews, supra*, the supreme court determined that the general sentencing aggravator statute did not apply to escape or attempted escape because the statute defining those offenses provided the specific sentence enhancement of consecutive sentenc-

ing. *See People v. Willcoxon*, 80 P.3d 817 (Colo.App.2002)(relying on *Andrews*, court determined that § 18–1.3–401(8)(a)(IV) does not apply to second degree assault while confined in a correctional institution because the second degree assault statute itself provides for an aggravated punishment).

And in *People v. Leonard*, 755 P.2d 447 (Colo.1988), the supreme court determined that there is no blanket prohibition on basing an aggravated sentence on an element of the offense.

Here, unlike the statutes at issue in *Andrews* or *Willcoxon*, § 18–18–406.5 does not provide for a specific aggravated punishment. Moreover, application of the sentence aggravator under § 18–1.3–401(8)(a)(IV) would not apply to every person in a detention facility convicted of possession because not every person confined in a detention facility is a convicted felon. The General Assembly has the authority to determine that possession of marihuana in a detention facility is a more egregious offense if committed by a convicted felon. *See People v. Leonard, supra* (Lohr, J., specially concurring)(General Assembly may choose to view an offense as more serious when committed by one who is already a convicted felon confined in a detention facility). Therefore, application of § 18–1.3–401(8)(a)(IV) to convicted felons would still keep the felony level of the offense as low as possible for offenders who are not convicted felons and would serve the General Assembly's intent of imposing a meaningful punishment while attempting to alleviate overcrowded detention facilities.

Hence, because § 18–1.3–401(8)(a)(IV) does not automatically apply to all persons convicted under § 18–18–406.5 and because § 18–18–406.5 does not provide specifically for an aggravated sentence, § 18–1.3–401(8)(a)(IV) applies to defendant's sentence. Thus, the trial court was required to impose an aggravated sentence between fifteen and thirty-six months. Defendant's plea agreement called for a sentence cap of fifteen months, which was the minimum sentence the court could impose. Accordingly, the trial court did not err in imposing an aggra-

vated sentence of fifteen months in the custody of the DOC.

The sentence is affirmed.

Chief Judge DAVIDSON and Judge PLANK * concur.