The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

John J. LUCERO, Defendant-Appellee.

No. 80SA490.

Supreme Court of Colorado, En Banc.

Nov. 29, 1982.

---

R. Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Deborah S. Waldbaum, Deputy State Public Defender, Denver, for defendant-appellee.

HODGES, Chief Justice.

The trial court on defendant Lucero's motion at the conclusion of the prosecution's presentation of evidence, entered a judgment of acquittal of the charge of escape. On appeal, the People contend that the trial court erred in granting the defendant's motion. We agree and therefore disapprove the judgment rather than reverse and remand for a new trial because any effort to again try this defendant on this charge would be contrary to the double jeopardy provisions of Article II, Section 18 of the Constitution of Colorado.

The defendant was convicted of robbery and sentenced to the Colorado State Penitentiary for an indeterminate period not to exceed four years. After several months at the penitentiary he was transferred to a work release facility of the penitentiary. Defendant was given a ten-hour pass to leave the facility, however, he failed to return in 10 hours but did return ten days later.

He was charged with the crime of escape under section 18–8–208, C.R.S.1973 (1978 Repl.Vol. 8) and a jury trial was scheduled. After the district attorney rested his case, defense counsel moved for a judgment of acquittal. As its basis for acquitting the defendant, the trial court held in effect that because defendant had been given a ten-hour pass, he was authorized to leave the facility and was therefore no longer in custody or confinement when he left. A forti-

ori, the trial court concluded that the defendant could not have "departed from lawful custody or confinement" which is one of the statutory elements of the crime of escape. See People v. Williams, 199 Colo. 515, 611 P.2d 973 (1980).

The trial court erred as a matter of law in its conclusion that defendant was no longer in custody after leaving the facility on a weekend pass. Section 17–27–108, C.R.S.1973 (1982 Supp. to 1978 Repl.Vol. 8) clearly applies to the situation involved here and specifically states that such an offender may be convicted of escape. It provides that:

"If an offender fails to remain within the extended limits of his confinement *or to return within the time prescribed to an institution to which he was assigned or transferred,* or if any offender who participates in a program established under the provisions of this article leaves his place of employment or, having been ordered by the executive director or the chief probation officer to return to the correctional institution, neglects or fails to do so, he shall be deemed to have escaped from custody and shall, upon conviction thereof, be punished as provided in section 18–8–208, C.R.S.1973...." (Emphasis added.)

This section covers both traditional penitentiary type institutions operated by the State Department of Corrections and less traditional correctional facilities such as work release facilities. Therefore, when this statutory provision is applied to the facts here, the defendant was in custody at the time he failed to return within the time prescribed in the ten-hour pass.

Other statutory provisions also have applicability to the facts of this case. An offender who is temporarily released from a correctional facility is still under *constructive* custody. Section 16–1–104(9), C.R.S.1973 (1978 Repl.Vol. 8). A temporary pass merely extends "the limits of confinement." Section 16–16–103(2), C.R.S.1973 (1978 Repl.Vol. 8). An offender is not completely free of custody until he is dis-

charged, which occurs only after he "has remained the full term for which he was sentenced." Section 17–20–118, C.R.S.1973 (1982 Supp. to 1978 Repl.Vol. 8).

The judgment is disapproved.