**The PEOPLE ·of the State of Colorado,
Plaintiff-Appellee,**

v.

**Frank Richard MARTINEZ,
Defendant-Appellant.**

**No. 83CA0798.**

Colorado Court of Appeals,
Div. I.

Feb. 14, 1985.

Rehearing Denied March 7, 1985.

Certiorari Denied Aug. 19, 1985.

**620**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Acting Chief Appellate Deputy, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Frank Richard Martinez, appeals from the sentence imposed upon the judgment of conviction entered following his plea of guilty to attempted escape under § 18–8–208.1, C.R.S. (1984 Cum.Supp.). We vacate the sentence, and remand for resentencing.

Defendant escaped from the Rifle Correctional Facility where he was serving a two-year sentence for theft and first degree criminal trespass. Pursuant to a plea agreement, he pled guilty to an amended charge of attempted escape, a class 4 felony. The trial court concluded that § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.) required imposition of a sentence in excess of the presumptive range. The court further ruled that § 18–8–208.1, C.R.S. (1984 Cum. Supp.), the attempted escape statute, required that the sentence run consecutive to the term defendant was serving at the time of the escape. Defendant was sentenced outside the presumptive range to a term of four years and one day, to run consecutive to his current sentence.

We agree with defendant's contention that the trial court erred in concluding that § 18–1–105(9)(a)(V), C.R.S. (1984 Cum. Supp.) required imposition of a sentence in excess of the presumptive range. In *People v. Russell*, 703 P.2d 620 (Colo.App. 1985), we held that upon conviction for the crime of felony escape, *see* § 18–8–208(2), C.R.S. (1978 Repl. Vol. 8), the trial court may sentence within the presumptive range for this class 3 felony. The same rationale applies to the crime of attempted escape.

Hence, the court was not legislatively mandated to impose a sentence in excess of the presumptive range. Accordingly, while the trial court was correct in ruling that § 18–8–208.1, C.R.S. (1984 Cum. Supp.), the attempted escape statute, required that the sentence run consecutive to the term which defendant was serving at the time of the escape, it failed to exercise full discretion in deciding whether to impose a sentence within the applicable presumptive range.

The sentence is vacated, and the cause is remanded for resentencing in accordance with the principles announced herein.

PIERCE and SMITH, JJ., concur.