**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**John Patrick LOBATO, Defendant-Appellant.**

**No. 82CA1307.**

Colorado Court of Appeals, Div. I.

Feb. 21, 1985.

Rehearing Denied March 7, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Acting Chief Appellate Deputy Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, John Patrick Lobato, appeals from the sentence imposed upon the judgment of conviction entered following his plea of guilty to criminal attempt to commit escape, under § 18–2–101, C.R.S. (1978 Repl. Vol. 8). We vacate the sentence and remand for resentencing.

Defendant walked away from the Williams Street Community Corrections Facility, where he was serving a two-year term for second degree burglary and theft. Upon defendant's guilty plea to the charge of criminal attempt to commit escape, a class 5 felony, the trial court imposed a sentence of two years and one day based on § 18–1–105(9)(a)(V), C.R.S. (1984 Cum. Supp.).

We agree with defendant that the court erroneously concluded that § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.), required imposition of a sentence in excess of

the presumptive range. In *People v. Martinez*, 703 P.2d 619 (Colo.App.1985), we held that upon conviction for the crime of attempted escape under § 18–8–208.1, C.R.S. (1978 Repl. Vol. 8), the trial court may sentence within the presumptive range. The same rationale applies to criminal attempt to commit escape under § 18–2–101, C.R.S. (1978 Repl. Vol. 8). Therefore, here, the trial court failed to exercise its discretion in determining whether to impose a sentence within the applicable presumptive range.

The sentence is vacated, and the cause is remanded for resentencing in accordance with the principles announced herein.

SMITH and BABCOCK, JJ., concur.