The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Terrance Joel AKERS, Defendant-Appellant.

No. 85CA0881.

Colorado Court of Appeals, Div. I.

July 16, 1987.

Rehearing Denied Sept. 3, 1987.

Certiorari Denied Dec. 21, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Terrance Joel Akers, appeals the judgment and sentence entered on jury verdicts finding him guilty of attempted escape and habitual criminal. He contends that the trial court committed plain error in failing to instruct the jury on the elements of escape; that the evidence was insufficient to support his conviction; and that the trial court erred in imposing a life sentence consecutive to his existing sentences. We affirm.

On August 6, 1984, via a microphone, officials at the Centennial Correctional Facility heard suspicious noises consisting of pounding and sawing emanating from a group of cells. The microphone was situated so that the noises could have come from any one of four cells.

Some twenty minutes later, the officials conducted a shakedown search of the two lower cells, one of which was the defendant's. In the defendant's cell, the officials found that the inside bars of the cell window had been sawed 7/8 of the way through the metal and that the cuts had been filled with putty so as to evade easy detection. No metal filings and no blade, file, or cutting instrument of any kind were found in the cell or on defendant's person.

In the adjoining cell, occupied by another inmate, officials discovered hacksaw blades. They also found that inmate in the act of sawing off the top of the metal table in his cell.

The evidence at trial disclosed that defendant had been the sole occupant of his cell since April 6, 1984. Another inmate was found in that cell without authorization on that date, before defendant was moved into the cell. Between April 6 and August 6, 1984, officials had periodically searched defendant's cell but had found no indication that the bars had been cut.

The jury found defendant guilty of attempted escape, and also found that defendant had been convicted of three prior felonies. The trial court sentenced the defendant to life imprisonment, to be served consecutive to the sentences he was then serving.

I.

Defendant first argues that the trial court's failure to instruct the jury as to the crime of escape constituted plain error and, thus, requires reversal because, absent a clear understanding of the elements of escape, the jury was unable to ascertain intelligently whether the evidence sufficiently

established the elements of attempted escape. We conclude that any error which may have occurred was invited; thus, defendant's contention is without merit.

■ The doctrine of invited error provides that when the court acquiesces in a course of conduct urged by the defendant, the defendant is estopped on appeal from raising as error that conduct or its result. *People v. Valdez*, 725 P.2d 29 (Colo.App. 1986). Such was the case here.

The record shows that after the instructions had been numbered and tendered by the court to counsel, the prosecutor tendered an additional instruction on the elements of the crime of escape, arguing that it was required. Defense counsel stated, "Your honor, I'm happy with the instructions as we presently have them...." The trial court refused the prosecution's additional instruction, concluding that it would be confusing and misleading. It also commented, "Besides, the defense is satisfied with the instructions and it certainly would not be plain error to omit that."

It was defense counsel's trial strategy which he now claims as a basis for reversal. This he may not do. *People v. Shackelford*, 182 Colo. 48, 511 P.2d 19 (1973).

■ Moreover, while it would have been better practice to instruct the jury on the elements of escape, the circumstances of this case reflect that the trial court's failure to do so in no way prejudiced the defendant.

First, we agree with the People's assertion that the legal definition and the commonly understood definition of escape are so closely aligned as to admit no confusion in the jurors' minds. Escape has no statutory definition; however, in *People v. Williams*, 199 Colo. 515, 611 P.2d 973 (1980), our supreme court held that escape consists of (1) a voluntary act (2) committed knowingly, (3) which constitutes a departure from a form of lawful custody or confinement (4) by a prisoner. *Webster's Dictionary Third New International*, at 386, defines escape as "to get away (as by flight or conscious effort): break away, get free, or get clear (the prisoner escaped from prison)...." Since, the commonly understood definition of escape is essentially identical to that enunciated in *People v. Williams, supra*, we conclude that escape is a word "with which persons of common intelligence would be familiar, and its meaning is not so technical or mysterious as to create confusion in jurors' minds as to its meaning." *See People v. Deadmond*, 683 P.2d 763 (Colo.1984).

Second, viewing the unique circumstances of this case, we conclude that the omission of the definitional instruction did not contribute to defendant's conviction. The parties had stipulated that on August 6, 1984, the defendant was confined in the Centennial Correctional Facility, which is a correctional institution, and the existence of the other elements of attempted escape was essentially undisputed. The only genuine issue at trial was whether the defendant had committed the offense or whether, as defendant asserted, the bars had been cut before he was placed in his cell in April 1984 and these cuts had gone undetected in the several inspections between then and the following August. Also, the jury was instructed properly as to the required mental state. Consequently, we conclude that there is no possibility that omission of the instruction contributed to defendant's conviction.

## II.

■ Defendant next argues that the evidence is insufficient to support his conviction of attempted escape and the court should have granted his motion for judgment of acquittal. We disagree.

When a trial court is confronted with a motion for judgment of acquittal, it must determine whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973). The same test for measuring the sufficiency of the evidence applies whether

the evidence is direct or circumstantial. *People v. Bennett, supra.*

The evidence showed that the bars on the defendant's cell window were almost completely sawed through and were filled with black putty to avoid detection. The defendant was the sole occupant of the cell from April to August of 1984. An examination of the cell on July 29, 1984, directed specifically to the windows, did not reveal any damage to the bars. The officer who conducted that search testified that he could not have missed the cuts had they been present.

While no cutting implements were found in the defendant's cell or on his person, the testimony revealed significant time and opportunity for defendant to dispose of them. The correctional officers testified that any blade could have been flushed down the toilet or dropped out the window. Indeed, twenty minutes had elapsed from the time the noises were heard to the time the officers entered the cell, and the defendant was warned by an inmate in the day hall that they were coming. The officers also testified that the inmate in the day hall had access to both the defendant's cell and to the adjoining cell, and could have taken a blade from defendant and passed it to the inmate in the adjoining cell, a common institutional practice.

While this evidence is circumstantial, it is nonetheless sufficient to support a conclusion by the jury that the defendant cut bars as a "substantial step" towards accomplishing an escape. Thus, the trial court properly denied the motion for judgment of acquittal.

■ The defendant argues that, because the trial court indicated that it would have acquitted the defendant, had it been the trier of fact, the evidence was insufficient to support defendant's conviction and the motions for judgment of acquittal should have been granted. This argument misapprehends the role of a trial judge.

The trial judge is not a thirteenth juror. Rather, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the charge proven beyond a reasonable doubt. *People v. Derrera,* 667 P.2d 1363 (Colo.1983). *See also Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The trial court correctly and clearly explained its role as follows:

"THE COURT: The court is going to deny both motions. The Motion for Judgment of Acquittal is addressed to the sound discretion of the court and the court heard the evidence and I was convinced at the time of trial and am convinced now, following the verdict, that the evidence was sufficient to justify a trier of fact in finding the defendant guilty of the attempted escape.

Now, what I said at trial was—and I'll say it again—this judge would not have found Mr. Akers guilty on that evidence. But Mr. Akers can't have a trial to a jury, which he selected, and at the same time have a trial to the court with the court sitting as a thirteenth juror to undo what a jury and a prosecutor have done. He pays his money, and he takes his chances. He bet on the jury and he lost. But there's quite a distinction between what I might do as a judge if I were called upon to be the trier of fact and what I have to do as a judge in determining whether or not the State at the conclusion of its evidence and whether the evidence at the conclusion of the trial warranted a jury in reaching a verdict of guilty.

The court found at midtrial, and I'll find again, that in fact it did."

The trial court applied the proper test, assessed the evidence correctly and, thus, did not err in denying defendant's motions for judgment of acquittal.

### III.

■ Finally, defendant contends that the trial court erred in imposing a life sentence for habitual criminal to be served consecutively to the 72–year sentence defendant was already serving. We disagree.

Section 18–8–208.1(1), C.R.S. (1986 Repl. Vol. 8B) provides that if a person, while in

custody or confinement for conviction of a felony, knowingly attempts to escape, he commits a class 4 felony, and the sentence imposed shall run consecutive to any sentence being served by the offender. Similarly, § 18–8–209, C.R.S. (1986 Repl. Vol. 8B) provides that any person who is convicted of an offense under § 18–8–201 through § 18–8–208 or § 18–8–211 shall serve a sentence consecutive to any other sentence being served. Under those sections, a person commits a crime if he, *inter alia*, aids an escape from confinement, induces a prisoner to be absent, commits an assault or takes hostages during an escape, or escapes. Taken as a whole, these statutory sections demonstrate that the General Assembly intended that a defendant must serve a consecutive sentence for the substantive crime of escape, whether completed or not.

 The habitual offender statute, § 16–13–101, C.R.S. (1986 Repl. Vol. 8A), creates no new offense. *People v. Watkins*, 684 P.2d 234 (Colo.1984). A trial court does not re-sentence an habitual offender because of the particulars of the earlier convictions. *People v. Thomas*, 189 Colo. 490, 542 P.2d 387 (1975). Instead, the court sentences pursuant to a more severe sentencing *range* than the penalty provided in the criminal statute that was violated, *People v. Early*, 692 P.2d 1116 (Colo.App. 1984), but imposes the sentence for the underlying offense.

The defendant here was sentenced to a life term because of his status as an habitual offender, but the sentence was imposed for the substantive offense of attempted escape. The court had no discretion to order that this sentence run concurrently because § 18–8–208.1(1), C.R.S. (1986 Repl. Vol. 8B), like the other escape statutes, mandates that the sentence be served consecutively.

Contrary to defendant's argument, § 18–1–408(3), C.R.S. (1986 Repl. Vol. 8B) has no application here. That section vests a trial court with discretion to sentence a defendant to concurrent or consecutive terms of imprisonment when multiple victims are involved. Indeed, were we to ac-

cept defendant's reasoning, any prisoner serving an extended sentence would suffer no additional penalty for attempting to escape; a result unsupported in logic or in law. The trial court sentenced defendant for the underlying offense of attempted escape, in the enhanced range mandated by § 16–13–101, C.R.S. (1986 Repl. Vol. 8A). Since the substantive offense requires a consecutive sentence, the court did not err, but rather, gave effect to the General Assembly's clear intent that the penalty for an escape or attempted escape be served consecutively to any existing sentence.

Judgment and sentence affirmed.

PIERCE and KELLY, JJ., concur.