The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard S. EURIOSTE, Defendant–
Appellant.

No. 99CA0029.

Colorado Court of Appeals,
Div. II.

May 25, 2000.

Certiorari Denied Nov. 14, 2000.

David S. Kaplan, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge TAUBMAN.

Defendant, Richard S. Eurioste, appeals the sentences imposed following his guilty plea to escape and negligent child abuse resulting in death. We affirm the sentence imposed for the child abuse conviction, affirm in part and vacate in part the sentence imposed for the escape conviction, and remand for further proceedings.

Defendant's child abuse conviction stems from his having beaten a seven-year-old boy to death. While defendant was in police custody and advised he was under arrest, he escaped, but was recaptured shortly afterward.

As pertinent here, defendant was charged with, and pled guilty to, escape in violation of § 18–8–208(3), C.R.S.1999, which provides that a person "commits a class 4 felony if, while being in custody or confinement and held for or charged with but not convicted of a felony, he knowingly escapes from said custody or confinement."

Following entry of his guilty plea, the trial court sentenced defendant to prison for 32 years for the child abuse conviction, and imposed a consecutive 12–year term for the escape conviction.

## I.

Defendant first contends that the trial court erred by concluding that it was required, pursuant to § 18–8–209, C.R.S. 1999, to impose consecutive sentences for his child abuse and escape convictions. We agree.

Our goal in construing any statute is to ascertain and give effect to the intent of the General Assembly. To determine legislative intent, we look first to the language of the statute itself, giving the words and phrases their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986). When the statutory language is clear and unambiguous, it must be interpreted as writ-

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

ten, without resort to interpretive rules of statutory construction. *People v. Zapotocky*, 869 P.2d 1234 (Colo.1994).

Section 18–8–209 provides:

Any sentence imposed following conviction of an offense under sections 18–8–201 to 18–8–208 ... shall run consecutively and not concurrently with *any sentence which the offender was serving at the time of the conduct prohibited by those sections.*

(emphasis added).

Defendant was convicted of escape pursuant to § 18–8–208(3), so he is potentially subject to the consecutive sentencing requirement of § 18–8–209. He claims, however, that because he was not serving another sentence "at the time of" the escape, the trial court erroneously concluded that it was required to impose consecutive sentences for his escape and child abuse convictions.

We agree with defendant that § 18–8–209 clearly and unambiguously provides that the sentence imposed for an escape conviction must be consecutive only to any sentence the defendant was serving at the time of the escape, and not to a sentence subsequently imposed.

Here, defendant was under arrest concerning the victim's death at the time of the escape, but was not at that time serving a sentence for the underlying felony or for any other conviction. Thus, the consecutive sentencing requirement of § 18–8–209 does not mandate that the sentences for defendant's child abuse and escape convictions be served consecutively.

We reject the People's contention that § 18–8–209 is ambiguous and that we should interpret it as being consistent with § 18–8–208.1(2), C.R.S.1999. That statute provides:

If a person, while in custody or confinement and held for or charged with but not convicted of a felony, knowingly attempts to escape from said custody or confinement, he commits a class 5 felony. If the person is convicted of the felony or other crime for which he was originally in custody or confinement, *the sentence imposed pursuant to this subsection (2) shall run consecutively with any sentences being served by the offender.*

(emphasis added).

The emphasized portion of § 18–8–208.1(2) has been interpreted as requiring that sentences imposed for attempted escape convictions run consecutive to the sentence for the "underlying felony." *People v. Andrews*, 871 P.2d 1199, 1203 (Colo.1994); *see also People v. Akers*, 746 P.2d 1381, 1385 (Colo.App.1987) ("General Assembly intended that a defendant must serve a consecutive sentence for the substantive crime of escape, whether completed or not"); *but see People v. Martinez*, 703 P.2d 619, 620 (Colo.App.1985) (interpreting § 18–8–208.1 as requiring that the sentence imposed for an attempted escape conviction run consecutive to "the term defendant was serving at the time of the escape").

■ However, the General Assembly used language in the consecutive sentencing provision of § 18–8–209 different from that in § 18–8–208.1(2), and, while the two statutes result in different sentencing requirements for a completed pre-conviction escape and an attempted pre-conviction escape, we may not impute our "own meaning to otherwise clear statutory language." *J.D.C. v. District Court*, 910 P.2d 684, 686 (Colo.1996). Nor may we assume a legislative intent that would vary the words used by the General Assembly. *People v. Thomas*, 867 P.2d 880 (Colo.1994).

■ The People contend that this construction of § 18–8–209 raises equal protection concerns because individuals convicted of class five attempted escape pursuant to § 18–8–208.1(2) are subject to mandatory consecutive sentencing, while prisoners convicted of class four escape pursuant to § 18–8–208(3) are not. *See People v. Nguyen*, 900 P.2d 37 (Colo.1995) (because sentencing range for attempt to commit serious bodily injury with deadly weapon would be less than range for attempt to commit bodily injury with deadly weapon, second degree assault statute violated equal protection guarantees by imposing harsher penalty for less serious criminal conduct than first degree assault statute).

However, the People are not adversely affected or aggrieved by the alleged constitutional defect. Consequently, they have no standing to assert an equal protection challenge to § 18–8–209. *See People in Interest of R.J.A.*, 994 P.2d 470 (Colo.App.1999); *People v. Kibel*, 701 P.2d 37 (Colo.1985). We thus decline to consider the People's claim.

Although the trial court was not required to impose a consecutive sentence pursuant to § 18–8–209, we nevertheless recognize that the court retains the discretionary authority to impose a consecutive sentence. *See People v. Wilson*, 819 P.2d 510 (Colo.App.1991).

We note that the trial court made numerous findings at the sentencing hearing which might sustain the consecutive sentences imposed. It is unclear whether the court imposed consecutive sentences based upon an erroneous conclusion that it was statutorily required to do so, or in the exercise of its sentencing discretion. However, we note that the parties' written plea agreement stated in pertinent part: "The sentence imposed for Count Two must run consecutively and not concurrently with the sentence imposed pursuant to Count One." Further, the presentence report advised the trial court that consecutive sentences were required by § 18–8–209. In light of the above, the matter must be remanded for a determination whether the sentence imposed for the escape conviction should run consecutively to or concurrently with the sentence imposed for the child abuse conviction. *See People v. Zapata*, 759 P.2d 754 (Colo.App.1988), *aff'd*, 779 P.2d 1307 (Colo.1989).

II.

■ Defendant also claims that the maximum aggravated-range sentences imposed for both convictions constitute an abuse of discretion by the trial court. More specifically, he maintains that the sentencing court over-emphasized aggravating factors and ignored defendant's claimed rehabilitative potential. We find no abuse of discretion by the trial court and therefore affirm the length of both sentences imposed.

■ Sentencing is by its very nature a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. *People v. Fuller*, 791 P.2d 702 (Colo.1990). Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins*, 684 P.2d 234 (Colo.1984).

■ In exercising its sentencing discretion, a trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. The court may not place undue emphasis on any one of these factors to the exclusion of the others. *People v. Piro*, 701 P.2d 878 (Colo.App.1985).

■ Rehabilitation is only one of many, sometimes competing factors, that must be weighed in determining the appropriate sentence. *People v. Horne*, 657 P.2d 946 (Colo. 1983); *People v. Whalin*, 885 P.2d 293 (Colo. App.1994). Thus, while rehabilitation may be the preferred method of preventing crime, an extended term of confinement is sometimes necessary in order to protect the public from further criminal activity by the offender and to provide adequately for individual deterrence and correction. *Flower v. People*, 658 P.2d 266 (Colo.1983).

A trial court may impose a sentence outside the applicable presumptive range only if, based on evidence in the record of the sentencing hearing and the presentence report, extraordinary aggravating or mitigating circumstances are present. Section 18–1–105(6), C.R.S.1999; *see also People v. Walker*, 724 P.2d 666 (Colo.1986).

■ When a sentence outside the presumptive range is imposed, the court is required to place on the record its findings as to aggravating circumstances that justify variation from the presumptive range and the reasons for imposing the sentence. Section 18–1–105(7), C.R.S.1999; *see also People v. Vela*, 716 P.2d 150 (Colo.App.1985). In addition, there must be sufficient facts in the record to support the trial court's findings. *People v. Walters*, 632 P.2d 566 (Colo.1981).

The fact that a sentencing court finds aggravating factors to be more compelling than any arguably mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation. *People v. Hernandez–Luis*, 879 P.2d 429 (Colo.App.1994). Indeed, the circumstances of a crime alone may justify the imposition of a lengthy sentence. *People v. Vigil*, 718 P.2d 496 (Colo.1986).

Contrary to defendant's assertion, the record reflects that the sentencing court considered his evidence in mitigation, including his claimed rehabilitative · potential. However, with respect to the child abuse resulting in death offense, the court concluded that the aggravating factors, particularly the serious and violent nature of the offense, its effect on the victim's family, and defendant's history of abusing the victim, outweighed any mitigating factors. With respect to the escape charge, the court concluded that the sentence imposed was appropriate in light of defendant's criminal history, his simultaneous conviction of the child abuse resulting in death offense, his "prior escape," and his parole status at the time of the offense.

We note that, even if, as defendant contends, there was no evidence to support the court's findings that defendant was on parole at the time of the offenses and that he had previously escaped from a community corrections facility, the court's consideration of these factors does not warrant reversal of the sentence because there is sufficient evidence in the record to support the sentence imposed. *See People v. Broga*, 750 P.2d 59 (Colo.1988) (where sentencing court finds several factors justifying a sentence, only one of those factors need be legitimate to support court's decision).

We find no abuse of discretion in the sentences imposed. They are within the range required by law, are based on appropriate considerations as reflected in the record, and are factually supported by the circumstances of the case. *See People v. Fuller, supra.*

The length of the sentences imposed for both convictions is affirmed, the trial court's order that the sentences be served consecutively is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Judge PLANK and Judge NIETO, concur.