23CA0899 Peo v Fernandez 03-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0899
Adams County District Court No. 22CR3408
Honorable Robert W. Kiesnowski, Jr., Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Steven Mark Fernandez,

Defendant-Appellant.

SENTENCE AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

Philip J. Weiser, Attorney General, Cata A. Cuneo, Assistant Attorney General
Fellow, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Katherine Brien, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 After defendant, Steven Mark Fernandez, punched his daughter in the face and threatened to stab her with a screwdriver, he agreed to plead guilty to one count of conspiracy to commit felony menacing. The plea agreement explained that the court could sentence him to a maximum of three years in prison if it found aggravating circumstances. The court found aggravating circumstances and imposed a three-year sentence.

¶ 2 Fernandez appeals, arguing that the court abused its discretion in imposing the sentence.[1] We affirm.

## I. Propriety of the Sentence

¶ 3 The trial court has broad discretion when imposing a sentence, and we will not overturn the sentence absent a clear abuse of that discretion. *People v. Howell*, 64 P.3d 894, 898 (Colo. App. 2002). In exercising its discretion, the court must consider the nature of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, the

---

[1] We agree with the parties' implicit acknowledgement that section 18-1-409(1), C.R.S. 2024, which precludes a defendant from challenging a sentence to which he stipulated under a plea agreement, does not apply here, because Fernandez's plea agreement left sentencing "open" to the court. *See People v. O'Dell*, 53 P.3d 655, 657 (Colo. App. 2001).

development of respect for the law and the deterrence of crime, and the protection of the public. *Howell*, 64 P.3d at 898; *People v. Eurioste*, 12 P.3d 847, 850 (Colo. App. 2000). If the sentence is within the statutory range, is "based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case, an appellate court must uphold the sentence" except "in exceptional cases." *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990).

¶ 4     Fernandez contends that the court abused its discretion by failing to meaningfully consider mitigating circumstances — that is, his potential for rehabilitation, his desire for drug and alcohol treatment, and his expressed remorse. We disagree.

¶ 5     The court addressed these mitigating circumstances at the sentencing hearing, when it stated that it had reviewed and considered

- counsel's statement requesting a sentence to probation so that Fernandez, who counsel said was sorry for the incident, could seek treatment for his substance abuse problem;

- the prosecutor's statement requesting a prison sentence based on Fernandez's previous failure to comply with any level of community-based supervision;

- Fernandez's own statement, in which he apologized and accepted responsibility for the incident and also acknowledged that although he had "never [sought] out any kind of treatment" for his "drug and alcohol problem" in the past, he "realize[d] that's something that [he] . . . need[ed]"; and

- the presentence investigation report (PSIR), which detailed Fernandez's lengthy criminal history, noted that he had "struggled with all levels of community-based supervision," acknowledged Fernandez's desire for drug and alcohol treatment, and ultimately recommended, "with significant hesitation," a sentence to community corrections.

¶ 6    The court's acknowledgement of this evidence and of counsel's arguments shows that it considered Fernandez's potential for rehabilitation, including his remorse about the incident and his desire for treatment.  *See People v. Linares-Guzman,* 195 P.3d 1130,

1137 (Colo. App. 2008) (noting that because the court "heard [the defendant's] statement expressing remorse and read the PSIR in which defendant also expressed remorse" it had "considered those expressions before imposing sentence"); *see also People v. Torrez,* 2013 COA 37, ¶ 74 (A court "need not engage in a point-by-point discussion of every factor relevant to its sentencing decision" and "a reasonable explanation for the sentence will suffice.").

¶ 7     The record makes clear that the court did not fail to consider mitigating circumstances; it just found that aggravating circumstances outweighed any mitigation. "The fact that a sentencing court finds aggravating factors to be more compelling than any arguably mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation." *Eurioste,* 12 P.3d at 851.

¶ 8     Here, weighing against Fernandez's expression of remorse and his desire to seek treatment were several aggravating circumstances.

¶ 9     For one thing, as the court noted, Fernandez had an "extensive" and "horrific" criminal history that went back more than thirty years. That history included eight prior felony convictions

4

and more than a dozen misdemeanor convictions, many of which involved drinking and driving. *See DeHerrera v. People*, 122 P.3d 992, 994 (Colo. 2005) (court may sentence the defendant in the aggravated range based on prior convictions). The instant offense occurred one week after Fernandez was sentenced to probation for a drug offense.

¶ 10     The court also considered that while Fernandez requested a probationary sentence so that he could participate in drug and alcohol treatment, he had already had "multiple chances at community-based supervision, as well as drug and alcohol treatment," and he had "simply not availed himself of any of those opportunities." Indeed, he was rejected from community corrections in this case based in part on his "[p]rior community placement failures." And as the court pointed out, if Fernandez wanted treatment, he could "get those resources through" the Department of Corrections.

¶ 11     Finally, the court emphasized the seriousness of the offense. The court found that Fernandez "beat up his daughter," which was "inexcusable" given that "she was trying to help him." The daughter's victim impact statement described her physical injuries

— "cuts, scratches, and bruising" — but also the emotional distress Fernandez's conduct had caused.

¶ 12     Based on this record, we conclude that Fernandez's sentence is "within the range required by law, is based on appropriate considerations . . . and is factually supported by the circumstances of the case." *Fuller*, 791 P.2d at 708.  We therefore discern no abuse of discretion in the court's sentencing decision.

## II.    Disposition

¶ 13     The sentence is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.