24CA1245 Peo v Gurrola 02-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1245
Adams County District Court No. 21CR4045
Honorable Sharon Holbrook, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Oscar Giovani Gurrola,

Defendant-Appellant.

SENTENCE AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Brown and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 5, 2026

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Muhaisen & Muhaisen, LLC, Wadi Muhaisen, Scott C. Hammersley, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Oscar Giovani Gurrola, appeals the sentence imposed upon his guilty plea to one count of first degree assault against a peace officer.  We affirm.

## I.    Background

¶ 2    Officer Meagan Cordova responded to a report of an erratic driver and found two men fighting in the street when she arrived. As Cordova drove towards the men, Gurrola approached the police car and pointed a gun at her.  Cordova immediately backed up, heard gunshots, and called for back-up.  Gurrola shot at the additional officers who responded to the scene.  When the officers shot back, Gurrola jumped into his car and fled the scene.  The officers gave chase, and Gurrola ultimately crashed his car.

¶ 3    Gurrola was charged with four counts of first degree attempted murder, three counts of first degree assault, and possession of a weapon by a previous offender.  Gurrola pleaded guilty to one count of first degree assault in exchange for dismissal of the remaining charges.  The parties stipulated to a sentence of twenty to thirty years in the custody of the Department of Corrections.

¶ 4    Before the providency hearing, defense counsel submitted a mitigation packet to the court that included letters from Gurrola's

1

mother, father, sister, and brother. Gurrola's mother, father, and two of his siblings also attended the hearing.

¶ 5    After Gurrola declined to make a statement, the following colloquy occurred:

> [DEFENSE COUNSEL]: Judge, can I just for a second? I know the Court indicated the Court does not hear witnesses on behalf of the defendant. I would ask the Court to reconsider that pursuant to *People v. Greggs*[, (Colo. App. No. 21CA1255, Aug. 3, 2023) (not published pursuant to C.A.R. 35(e))]. There specifically the Court found that counsel's failure to present mitigation witnesses and evidence at the sentencing hearing was ineffective.
>
> THE COURT: I believe that case had mitigation witnesses that had direct knowledge of the act. None of the people you have here today were present at the time of the offense; is that correct?
>
> [DEFENSE COUNSEL]: I can't specify specifically on that.
>
> THE COURT: Okay. I trust you to provide all the mitigation that the Court needs. I always accept letters in advance, but I don't accept in person statements on behalf of the defendant on the date of sentencing.
>
> . . . .
>
> [DEFENSE COUNSEL]: I would note that there are a number of Gurrola's family members present, five specifically of those present, his

2

> mother, father, and two of his siblings, had asked to address the Court.
>
> THE COURT: If you would like to present what they were going to tell the Court, you're more than welcome to, but it's your job to present the mitigation.
>
> [DEFENSE COUNSEL]: Judge, I understand that. My reading of the *Greggs* case is that simply summarizing the witnesses' statements and/or submitting letters is not sufficient when there's a significant or severe sentence. If the Court would allow, I would read the letter that I did also just receive.
>
> THE COURT: That's fine.

¶ 6     Defense counsel then read Gurrola's sister's letter and stated that there was no further mitigation evidence to present.

¶ 7     In accordance with the plea agreement, the district court sentenced Gurrola to twenty-eight years in the custody of the Department of Corrections followed by three years of mandatory parole.

¶ 8     Gurrola contends that the district court erred by (1) preventing his family members from testifying on his behalf at the sentencing hearing and (2) improperly applying Crim. P. 32(b)(1) when it precluded in-person mitigation statements. We address and reject both contentions.

3

## II. In-Person Statements

### A. Additional Background

¶ 9    In considering Gurrola's sentence, the district court explained:

> The Court has heard the mitigation and aggravation in this case, and I do consider all of it under the statutory factors of sentencing.
>
> . . . .
>
> The Court has grave concern in this case for community safety, for the fact that this was a prior felon who was in possession of a weapon and had no legal authority to carry a weapon, let alone point it and shoot it in public. The Court is concerned for the officers as well as the general public that was present that you can see on the video. You could hear the sergeant saying that they need to close down Highway 85, and that was reiterated to the Court that it was Highway 85 that you could see in the background with multiple cars going by. It was packed and it's very fortunate that nobody, no innocent bystanders were killed or shot during this incident, but it does show an extremely indifferent act to life in general.
>
> It's scary to think about Mr. Gurrola armed and high in the community, and that's something that the Court is tasked with[,] making sure that the community is safe. That is one of the statutory sentencing factors is what this means to the community both by way of deterrence and safety.

4

## B. Standard of Review and Applicable Law

¶ 10    On appellate review, the decision of the sentencing court must be afforded deference because a trial judge has broad discretion when imposing a sentence. *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990). The court's decision to exclude evidence in a sentencing hearing will not be reversed absent an abuse of discretion. *People v. Borrego*, 774 P.2d 854, 856 (Colo. 1989). A court abuses its discretion when it misapplies the law or when its ruling is manifestly arbitrary, unreasonable, or unfair. *People v. McLaughlin*, 2023 CO 38, ¶ 22.

¶ 11    The sentencing court must grant the defendant "an opportunity to make a statement in his or her own behalf and to present any information in mitigation of punishment." § 16-11-102(5), C.R.S. 2025; Crim. P. 32(b)(1).

¶ 12    In exercising its sentencing discretion, a district court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. *People v. Eurioste*, 12 P.3d 847, 850 (Colo. App. 2000); § 18-1.3-104(2)(a), C.R.S. 2025. "The court may not place undue

5

emphasis on any one of these factors to the exclusion of the others." *Eurioste*, 12 P.3d at 850. However, a court need not explicitly refer to each of the factors it considered. *People v. Koehler*, 30 P.3d 694, 698 (Colo. App. 2000). The trial court need only state on the record the basic reasons for imposing the sentence. *People v. Howell*, 64 P.3d 894, 898 (Colo. App. 2002).

### C.    Analysis

¶ 13    Gurrola contends that the district court erred by (1) precluding the presentation of mitigating evidence through his family members; (2) placing an undue emphasis on community safety and failing to analyze rehabilitative and mitigating factors; and (3) neglecting its duty as the finder of fact. We are not persuaded.

¶ 14    Contrary to Gurrola's contention, the district court heard and considered mitigating information. The district court accepted the letters from Gurrola's mother, father, sister, and brother and allowed the additional letter, not included in the original mitigation packet, to be read during the hearing. These letters informed the court of Gurrola's difficult childhood, his drug use and addiction, his difficulty in obtaining help when previously incarcerated, and the importance of his relationship with his son.

6

¶ 15    Gurrola failed to make an offer of proof or to provide an explanation of any additional information that the in-person testimony would have evoked.  Moreover, the district court advised counsel that while it would not hear in-person statements from Gurrola's family, it would permit counsel to summarize any additional information from them that counsel wished to be considered.  Gurrola presents no authority, nor are we aware of any, that requires mitigation evidence to be presented through live witness testimony rather than through defense counsel.  Accordingly, we reject Gurrola's argument that by not allowing Gurrola's witnesses to speak, the court "effectively closed this avenue of potential information."

¶ 16    Next, Gurrola contends that the district court's "constant references to community safety and none to any of the rehabilitative, mitigating, or other factors" placed an undue emphasis on community safety and ignored his potential mitigating information.  However, a sentencing court is not required to "engage in a point-by-point discussion of each and every one of [the sentencing] factors when it explains the sentence to be imposed." *People v. Walker*, 724 P.2d 666, 669 (Colo. 1986).  Instead, it need

7

only recite the "primary factual considerations bearing on [its] sentencing decision." *Id.* (citation omitted). Here, the court stated that it heard and considered the mitigating factors. It then described Gurrola's conduct and explained why that conduct justified the sentence imposed.

¶ 17 A record is sufficient to affirm a sentencing decision if it contains evidence to support the reasons for the sentence, a reasonable explanation of the sentence imposed, and information that permits the conclusion that the court considered all essential factors. *People v. Linares-Guzman*, 195 P.3d 1130, 1137 (Colo. App. 2008); *see also People v. Hernandez-Luis*, 879 P.2d 429, 430 (Colo. App. 1994) ("[T]he fact that a sentencing court finds aggravating factors to be more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation."). Here, the record shows that the court considered the essential sentencing factors and explained the reasons for its sentence.

¶ 18 Finally, Gurrola contends that the district court had a duty, as the finder of fact in the sentencing proceedings, to determine witness credibility and "analyze their demeanor" and that it violated

8

this duty by precluding in-person testimony. But Gurrola does not provide, nor are we aware of, any Colorado law requiring in-person testimony at a sentencing hearing. Instead, a defendant's right to present information is "limited . . . by the context of the proceeding in which it occurs." *People v. Padilla*, 907 P.2d 601, 608-09 (Colo. 1995) (recognizing the need "to limit the defendant's right to be heard at sentencing to prevent the sentencing hearing from becoming a trial"). Moreover, nothing in the record shows or even suggests that the court believed any of the mitigation statements lacked credibility. Accordingly, we discern no abuse of discretion.

## III. Crim. P. 32(b)(1)

¶ 19     Gurrola next contends that the district court improperly applied Crim. P. 32(b)(1). We disagree.

### A. Applicable Law and Standard of Review

¶ 20     Rule 32(b)(1), in relevant part, states, "Before imposing sentence, the court shall afford the defendant an opportunity to make a statement in his or her own behalf, and to present any information in mitigation of punishment."

¶ 21     The interpretation of a rule of criminal procedure is a question of law that we review de novo. *People v. Zhuk*, 239 P.3d 437, 438

(Colo. 2010).  To determine "the appropriate construction of a rule of criminal procedure, we employ the same interpretive rules applicable to statutory construction." *Kazadi v. People*, 2012 CO 73, ¶ 11.  We interpret words and phrases according to their plain and ordinary meanings, *People v. Voth*, 2013 CO 61, ¶ 21, and we will not add or subtract words from a rule, *see Turbyne v. People*, 151 P.3d 563, 567 (Colo. 2007).  The rule must be interpreted "as a whole, construing each provision consistently and in harmony with the overall . . . design." *People v. Burnett*, 2019 CO 2, ¶ 20 (citation omitted).  We apply the rule's facially clear and unambiguous language as the supreme court wrote it because we presume that the court meant what it clearly said.  *See People v. Durapau*, 280 P.3d 42, 45 (Colo. App. 2011).

¶ 22     Because defense counsel made no Rule 32 argument at the sentencing hearing, this claim is unpreserved.  We review unpreserved claims for plain error.  *Hagos v. People*, 2012 CO 63, ¶ 12.  Plain error is obvious and substantial, such that it so undermines the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction.  *Id.*

## B. Analysis

¶ 23 Even assuming, without deciding, an error occurred, we conclude that it did not undermine the fundamental fairness of the sentencing hearing for the same reasons outlined in Part II.C. The trial court considered the letters Gurrola presented as mitigating evidence. Gurrola fails to identify how the live testimony would have added anything material to the sentencing calculus. Accordingly, we discern no basis for reversal.

## IV. Disposition

¶ 24 The sentence is affirmed.

JUDGE BROWN and JUDGE SCHUTZ concur.